[No. 13949. Department Two. October 17, 1917.]

GUY F. EGBERS, *Plaintiff*, v. LOTTIE M. EGBERS, *Respondent*,
NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*.[1]

ESTOPPEL — INCONSISTENT POSITIONS — JUDICIAL PROCEEDINGS.   An
award of permanent alimony in gross, the force of which was not
affected by the construction and claim of defendant that the award
was a property settlement and not subject to modification, does not
estop the defendant from subsequently contending that the award
was not discharged in bankruptcy; since a question of law and not
of fact was involved, and the rights of the parties were not affected.

BANKRUPTCY—DISCHARGE—JUDGMENT FOR ALIMONY.   Under the
bankruptcy act of 1898, a decree for alimony for the support of wife
or child does not constitute a provable debt and hence is not barred
by the bankrupt's discharge, whether the allowance was subject to
modification or not.

Appeal from a judgment of the superior court for Frank-
lin county, Linn, J., entered September 20, 1916, in favor of
the defendant, in garnishment proceedings, tried to the
court. Affirmed.

*Cannon & Ferris* and *Merritt, Lantry & Merritt*, for ap-
pellants.

*A. E. Barnes*, for respondent.

FULLERTON, J.—In the year 1913, Guy F. Egbers secured
a decree of divorce from his wife, Lottie M. Egbers. In the
decree, the plaintiff was required to pay $25 per month for
the support and maintenance of their minor child, and to the
wife the further "sum of fifty (50) dollars per month as ali-
mony, payable monthly or *en masse* at the option of the plain-
tiff, in the sum of five thousand ($5,000) dollars." In the
year 1915, the plaintiff applied to the court for an order
modifying that part of the decree which required the pay-
ment of $50 per month alimony. The court denied the mo-
tion, the order reciting that "the defendant having taken the

[1]Reported in 167 Pac. 1073.

position and argued to the court that the award of $5,000 was not alimony but was a part of the property settlement and was a fixed award or judgment for the sum of five thousand ($5,000) dollars and became a debt due and owing from the plaintiff to the defendant, and the court would have no jurisdiction to modify or change the same, the court adopting that view of the matter." No appeal was taken from this order of the court. Thereafter, the plaintiff being indebted to defendant by reason of his failure to pay several monthly installments of $50 each, the defendant instituted a garnishment proceeding against the Northern Pacific Railway Company, alleging the railway company's indebtedness to plaintiff for wages due as an employee. Her affidavit recited, among other things, that, in the divorce proceedings, "the court made the property settlement awarding to me the sum of $5,000 to be paid in installments at the rate of $50 per month or *en masse*. That said allowance was made in the way of a full and complete settlement of the property rights between the parties to this suit."

The plaintiff interposed a motion to quash the writ of garnishment on the ground that he had been duly adjudged a bankrupt under the laws of the United States and had been discharged from his debts, which included the judgment upon which the writ of garnishment was issued. In support of this motion, an affidavit was submitted setting forth the position taken by the defendant in the application for a modification of the decree, claiming that she was estopped thereby from asserting that the judgment awarded her therein was not a provable debt in the bankruptcy proceedings. The motion to quash was denied, and the garnishee defendant was ordered to pay the defendant delinquent installments for seven months in the sum of $350, with interest at the rate of six per centum upon each installment.

The plaintiff appeals, assigning as error that the defendant assumed inconsistent positions upon the different hearings occurring in the case, and that the court, in sustaining

each position, made conflicting orders. But if we concede that the positions assumed by the defendant and sustained by the trial court were inconsistent, the plaintiff is not in a position to take advantage of the error. The only prejudice to the rights of plaintiff, if any, was the refusal of the trial court to modify the decree on the application of the plaintiff. If error was committed by the action of the court in that respect, plaintiff's remedy was by appeal, and no appeal was taken from that order. The undeniable fact remains, regardless of whatever name the parties may have given the award, that it was one in the nature of alimony; permanent alimony in gross perhaps, but nevertheless alimony. The shifting positions of the defendant in no way tend to alter its force or effect. If, upon the hearing, the defendant had presented proofs which afterwards she attempted to deny by proof to the contrary, the objection made by appellant might be pertinent. In that case she would be assuming different positions upon questions of fact. The case here is different. It does not involve a question of fact, but is one of law. The decree is a matter of record, unchangeable by any attitude of the parties, and the fact that one of the parties, on different occasions, may attempt to put different constructions upon the terms of the decree, in no way alters the rights of the parties bound by the decree. Their liabilities and rights continue the same, regardless of the attitude of a contending party.

Respecting the standing of decrees for alimony in bankruptcy proceedings, it was held, under the bankruptcy act of 1898, that such debts do not constitute a provable debt under the act, and hence are not barred by the bankrupt's discharge. *Audubon v. Shufeldt*, 181 U. S. 575; *Wetmore v. Markoe*, 196 U. S. 68.

In the last cited case, it was said:

"The bankruptcy law should receive such an interpretation as will effectuate its beneficent purposes and not make it an instrument to deprive dependent wife and children of

the support and maintenance due them from the husband and father, which it has ever been the purpose of the law to enforce. Systems of bankruptcy are designed to relieve the honest debtor from the weight of indebtedness which has become oppressive and to permit him to have a fresh start in business or commercial life, freed from the obligation and responsibilities which may have resulted from business misfortunes. Unless positively required by direct enactment the courts should not presume a design upon the part of Congress in relieving the unfortunate debtor to make the law a means of avoiding enforcement of the obligation, moral and legal, devolved upon the husband to support his wife and to maintain and educate his children. While it is true in this case the obligation has become fixed by an unalterable decree, so far as the amount to be contributed by the husband for the support is concerned, looking beneath the judgment for the foundation upon which it rests we find it was not decreed for any debt of the bankrupt, but was only a means designed by the law for carrying into effect and making available to the wife and children the right which the law gives them as against the husband and father."

The decisions generally hold that no allowances in the way of alimony, whether they be subject to modification or not so subject, are barred by a bankrupt's discharge, since they are not provable debts under the act of 1898. The bankruptcy act of 1903, which is the one applicable here, in terms provides that debts due for alimony or for the support of wife or child are not dischargeable in bankruptcy. The latter act is but a statutory formulation of the prior holdings of the courts, and the principle announced is applicable under the later statute.

The judgment is affirmed.

ELLIS, C. J., HOLCOMB, PARKER, and MOUNT, JJ., concur.