[Civ. No. 1912.   Fourth Appellate District.—April 13, 1936.]

R. E. ALLEN, as Trustee, etc., Plaintiff and Respondent, v.
JOHN H. BLAIR, Appellant; VELMA BLAIR et al.,
Defendants and Respondents.

Porter & Sutton for Appellant.

Arnold Praeger and Laurence Berger for Respondents.

MARKS, J.—This is an action brought under the provisions of section 1060 of the Code of Civil Procedure by the trustee of an express trust against the trustor and the beneficiaries for the purpose of determining and declaring the meaning and effect of a provision in paragraph XIII of the declaration of trust, which is as follows: ''Should the Trustor default in the performance of any of his obligations hereunder or in the payment of any sum which may be payable by him under the terms of this Declaration of Trust, the Trustee may, and it is hereby specifically authorized and directed to, sell any part or all of the property constituting the principal or *corpus* of the trust estate which in its discretion may be deemed advisable, and use the proceeds therefrom, or any part thereof, and/or any cash which may be in its hands and subject to this trust, to pay any and all sums in respect to the payment of which the Trustor is in default under the terms hereof; . . . ''

The trial court found this provision mandatory and entered judgment accordingly. We have concluded that the quoted language supports this conclusion. It seems to us clear that upon the default on the part of trustor to perform the obligations imposed upon him by the declaration of trust it became the duty of the trustee to sell any portion of the trust estate necessary to make good the default of the trustor and that the only discretion given the trustee was in the selection of the property to be sold. A study of that portion of the declaration of trust brought before us forces the conclusion that it was the clearly expressed intention of John H. Blair, the trustor, to provide a trust fund of $300,000, having a net income of not less than $1500 per month, for the support of Velma Blair his wife, and Marion Blair, his daughter, during the life of Mrs. Blair, with provisions for the support of the daughter thereafter. The obligation was placed upon Blair to keep the value of the *corpus* of the trust estate up to $300,000 and supply any deficit in its net

income should such income be less than $1500 per month. It is admitted that the value of the trust estate had been reduced below $300,000 and the net income below $1500 per month and that Blair had not made good these deficiencies. It then became the plain duty of the trustee to sell such property belonging to the trust estate which he might select to supply the deficiencies.

Findings of facts and judgment were signed and filed on June 26, 1933. On August 22, 1933, amended findings of fact and an amended judgment were signed and filed. A reading of these documents discloses that Blair had moved for a new trial and that on the hearing of that motion the trial court amended the findings of fact and judgment and denied the motion. The power to do this is clearly given by section 662 of the Code of Civil Procedure.

In amending the findings of fact the trial court added finding number five, which is as follows: "The court further finds from the evidence that even if the provisions of article XIII of said declaration of trust were not mandatory, as found by the court, that from all of the facts in the case as disclosed by the evidence, the said trustee should be ordered to sell said property forthwith in the manner provided by law."

In amending the judgment the court added the following: "It is further ordered, adjudged and decreed that said R. E. Allen, trustee of said trust, be and he is hereby directed to sell the property constituting the *corpus* of the trust estate forthwith in the manner provided by law." It should be observed that this amounts to a peremptory order of the trial court requiring the trustee to immediately sell the property constituting the *corpus* of the trust. No discretion is given him in the choice of the property to be sold.

A somewhat similar situation was before the Supreme Court in the case of *City of San Diego* v. *Cuyamaca Water Co.*, 209 Cal. 105, where, at page 150 [287 Pac. 475], the court said: "The only remaining question for our determination upon these appeals relates to that portion of the judgment of the trial court wherein it purported to enjoin the defendants and interveners from the doing of certain constructive work in connection with their conservation and diversion of the waters of the San Diego River except in subordination to the prior and paramount rights of the plain-

tiff therein, and also purporting to restrain the defendants and interveners from the assertion of any claims of right or title in or to the waters of the San Diego River except in subordination to the paramount rights of the plaintiff therein, and save and except in the amounts and to the extent in said judgment specified. In respect to the aforesaid portions of the judgment it is clear that the trial court has gone beyond the scope and issues of the instant action. This, as we have seen, and as this court has already decided upon the former proceeding, is an action purely declaratory in character and is one wherein the plaintiff has neither pleaded nor attempted to prove any facts which would entitle it to any other or affirmative relief beyond that of having its prior and paramount right to the use of the waters of the San Diego River established. This being so, the trial court was in error in attempting to give to its determination of this matter any other or further effect than that of a declaratory judgment.'' The judgment was amended on appeal by striking out those portions enjoining defendants and interveners from constructing works in connection with the conservation and diversion of the waters of the San Diego River, and from asserting any right to the waters of that river except in subordination to the paramount rights of the plaintiff. As modified the judgment was affirmed.

In the instant case the complaint sought nothing more than declaratory relief and a declaration by the trial court of the true meaning of certain provisions of the declaration of trust. The answer of Mrs. Blair and her daughter merely joined with the trustee in the allegations and prayer of the complaint. The answer of Blair admitted the material allegations of the complaint and alleged that the paragraph from the declaration of trust which we have quoted was directory and not mandatory in effect. He also alleged that the value of the property composing the *corpus* of the trust had greatly depreciated ''and that it would be an abuse of discretion for plaintiff to sell any of said properties at this time''. In the prayer to his answer Blair united ''with plaintiff in asking for the relief sought by plaintiff in this action''.

From what we have said it seems evident that the conclusion reached by the Supreme Court in *City of San Diego* v.

*Cuyamaca Water Co., supra,* is controlling here and that what was there said is applicable here. It follows that the quoted portions of the amended findings of fact and amended judgment go beyond the issues made by the pleadings in ordering the immediate sale of "the property constituting the *corpus* of the trust estate".

It is ordered: That finding number five be stricken from the amended findings of fact and conclusions of law and that the amended judgment be modified by striking therefrom the following: "It is further ordered, adjudged and decreed that said R. E. Allen, trustee of said trust, be and he is hereby directed to sell the property constituting the *corpus* of the trust estate forthwith in the manner provided by law," and as so modified the judgment is affirmed. Each party will pay his own costs of appeal.

Barnard, P. J., and Jennings, J., concurred.