[Civ. No. 12082.   Second Dist., Div. One.—April 11, 1941.]

VELMA BLAIR, Respondent, v. JOHN H. BLAIR, Appellant.

Porter & Sutton for Appellant.

Arnold Praeger and Laurence Berger for Respondent.

DORAN, J.—This is an appeal by defendant from a judgment in favor of plaintiff in an action to recover an amount alleged to be due plaintiff from defendant for maintenance and support under a property settlement agreement. The appeal is taken upon a bill of exceptions and the matter having been submitted to the trial court upon stipulations of fact and a small amount of documentary evidence the bill contains a detailed report of the proceedings had below.

Respondent is the former wife of appellant, the parties being now divorced, and the suit herein is based upon an agreement entered into between the parties while they were still husband and wife, dated July 20, 1926, which date was a little over a year prior to the institution of divorce proceedings. The agreement, annexed to the complaint herein as an exhibit, is denominated "Property Settlement Agreement", and recites that it is made "in order to establish and fix from this date for all future time, the past, present and future obligations, claims, demands, property rights and all other mat-

ters of a pecuniary nature which exist or might arise between the parties hereto, irrespective of the continuance of the marital relations now existing, or the present or future living together of the parties hereto, and in full settlement of the community property rights of the respective parties hereto''. It provides for the creation of a trust wherein the appellant, as husband and trustor, was to deposit certain real and personal property of a cash value of $300,000, the income from which trust was to be used to pay respondent, the wife and beneficiary, the sum of $18,000 per year in equal monthly installments of $1500 during her life. The agreement also provides that the said trustor should, within three years from the date of the agreement, replace the above mentioned trust property with income bearing securities, as described in the agreement, of a value of not less than $300,000. Another provision of said agreement reads as follows: '' (g) In addition to the provisions for the support and maintenance of the Beneficiary out of the net income to be derived from the trust estate, as herein provided, the Trustor covenants and agrees to pay to the Trustee, for the support and maintenance of the Beneficiary, any part or all of the sum of $1500.00 per month which the net income from the trust estate,. under the terms and provisions herein, does not yield, until such time as the entire properties'' (being the properties deposited with the trustor) ''have been converted into securities as herein defined.'' The agreement also provides for sale of the trust property in the event of default of the trustor to meet any deficiency in income prior to the time of the conversion of said trust property and obligates the trustor to restore any part of the principal of the trust estate which is so sold. Appellant, as trustor, admittedly failed to convert the property of the trust into securities as provided. The agreement also provides for the release by respondent of any and all right, title, claim, interest or demand against appellant, except as otherwise provided in the agreement.

The complaint herein, after setting forth the necessary facts as to the status of the parties and the said agreement, alleges the default of the trustor in the sum of $96,552.86, the subsequent sale of the trust property in accordance with the terms of the agreement, a deficiency in the proceeds of sale to meet the default in the sum of $38,381.41, and the further default in payments of $1500 per month for plaintiff's (respondent's)

maintenance and support from June 1, 1936, to November 1, 1937, and prays for judgment in the total sum of $63,881.41 and interest plus the additional sum of $1500 for each month subsequent to and including November, 1937, to the date of rendition of judgment.

Appellant's answer, while admitting the agreement, denies the liability of appellant thereunder and sets up separate defenses of a subsequent discharge of appellant in bankruptcy, the pendency of another action in the same court between the same parties for the same cause, the bar of the provisions of section 337, subdivision 1, of the Code of Civil Procedure, as to limitation of time within which to bring such an action, and a release of appellant's obligation by the terms of the agreement itself.

As noted above, the parties agreed to the facts at the trial and the only evidence offered was the interlocutory decree of divorce of the parties, which decree referred to and made the agreement here in question a part thereof, and the complaint in the action which appellant claimed to be pending between the same parties for the same cause.

The trial court found for the plaintiff upon all material issues and concluded that the purpose of the agreement above referred to was to provide for the maintenance and support of plaintiff and by the terms of said agreement the defendant undertook and agreed to provide for the support and maintenance of plaintiff to the extent of the sum of $18,000 per annum during the term of her natural life; that the personal obligation of the defendant to so provide for plaintiff's support and maintenance was not released or quitclaimed by any of the terms of said agreement; that the said obligation was not discharged by virtue of the discharge granted to defendant in his bankruptcy proceedings; and that the plaintiff (respondent) was entitled to recover of and from the defendant (appellant) the sum of $74,381.41, with interest and costs.

Appellant takes exception to certain of the findings of the court upon the ground that the evidence is insufficient to sustain them and assigns the conclusions as error. However, it will not be necessary to take up each specification of error separately as a consideration of the nature of the agreement in question will serve to dispose of nearly all points raised, except that of the defense of the statute of limitations. The question of the pendency of another action is not covered in appellant's brief, although raised by the bill of exceptions.

■ Appellant also contends that even if he were liable under the terms of the agreement to pay respondent the sum prayed for, the court should have reduced the amount to a reasonable sum for a bankrupt man to pay, and assigns the court's failure to do so as error. This contention may be disposed of summarily by pointing out that the action here is one at law to enforce the obligations of a contract and upon the state of the case as submitted there are no equities in favor of appellant. Under the circumstances, the trial court was without jurisdiction to do more than determine whether any liability existed and, if any did exist, the amount thereof as provided by the contract.

The nature of the trust in question and the obligation of appellant as trustor thereunder has already been considered by the District Court of Appeal for the Fourth Appellate District in *Allen* v. *Blair*, 13 Cal. App. (2d) 227 [56 Pac. (2d) 544], an action in which the trustee sought a declaratory judgment as to his duties under the trust. In that case the court said (at p. 228): "A study of that portion of the declaration of trust brought before us forces the conclusion that it was the clearly expressed intention of John H. Blair, the trustor, to provide a trust fund of $300,000, having a net income of not less than $1500.00 per month, for the support of Velma Blair his wife, and Marion Blair, his daughter, during the life of Mrs. Blair, with provisions for the support of the daughter thereafter. The obligation was placed upon Blair to keep the value of the *corpus* of the trust estate up to $300,000 and supply any deficit in its net income should such income be less than $1500.00 per month."

It is clear from a reading of the agreement that it is one providing for the support and maintenance of respondent and that in the event the requisite amount of support was not provided by the trust created, it devolved upon appellant to make up the deficiency until such time as he had satisfied the condition of the agreement requiring him to convert the trust property into income bearing securities, which condition he never satisfied. It is equally clear that under the terms of the agreement appellant could only be released from his obligation to pay the deficiency through effecting the said conversion, and such obligation on appellant's part was expressly excepted from any release contained in the said agreement. It follows, therefore, that the findings and conclusions of the

trial court as to the nature of the said agreement and appellant's obligation thereunder are well founded and correct.

■ The fact that the agreement was called a property settlement and was referred to as such in the decree divorcing the parties is immaterial. It is the substance of the contract that controls in a determination of the intent of the contracting parties. "The entire document is to be taken by its four corners and construed as a whole to effectuate the obvious intention." (*Lazar* v. *Superior Court,* 16 Cal. (2d) 617 [107 Pac. (2d) 249], and cases there cited.)

■ Manifestly, appellant's discharge in bankruptcy had no effect upon his obligation to support respondent. As a debt for maintenance or support of a wife it is expressly excepted by the provisions of the Federal Bankruptcy Act (11 U. S. C. A., sec. 35; *In re Ridder,* 79 Fed. (2d) 524; *In re Adams,* 25 Fed. (2d) 640), and the court was correct in concluding that appellant's said discharge did not release the debt. (See *Remondino* v. *Remondino,* 41 Cal. App. (2d) 208 [106 Pac. (2d) 437].)

■ Appellant's contention that his agreement to pay $1500 per month only begins with his failure to substitute interest bearing securities, as mentioned above, is without foundation, as the contract clearly provides that such obligation shall continue until such time as the securities are substituted.

■■ As to the defense of the statute of limitations, appellant contends that respondent's action is barred by the three months' provision contained in subdivision 1 of section 337, Code of Civil Procedure, which provides "that the time within which any action for a money judgment for the balance due upon an obligation for the payment of which a deed of trust or mortgage with power of sale upon real property or any interest therein was given as security, following the exercise of the power of sale in such deed of trust or mortgage, may be brought shall not extend beyond three months after the time of sale under such deed of trust or mortgage." However, the trust here in question cannot be construed as either a deed of trust or mortgage. The trust was created to provide a fund for the support and maintenance of respondent and was not for the purpose of providing security for a loan to appellant or for a similar obligation. Appellant by the terms of the trust retained none of the incidents of ownership in the trust property and the grant of the property to the

trust was absolute and not conditioned upon the payment of any debt or obligation on the part of the trustor. While appellant was later to substitute other property for that placed in trust, until such a substitution was made the property in question remained dedicated absolutely to the purposes for which the trust was created with no right or power in appellant to exercise any control whatsoever over the property, or to obtain a reconveyance thereof. Under a deed of trust the trustee obtains none of the incidents of ownership, other than the right to convey upon default on the part of the debtor in the payment of his debt. ''The legal estate thus left in the Trustor or his successors entitles them to the possession of the property until their rights have been fully divested by a conveyance made by the trustees in the lawful execution of their trust, and entitles them to exercise all the ordinary incidents of ownership in regard to the property, subject always, of course, to the execution of the trust.'' (*MacLeod* v. *Moran*, 153 Cal. 97, 100 [94 Pac. 604].) Moreover, the trust here under consideration is an express trust ''created for the benefit of another than the trustor'' (sec. 2250, Civ. Code), and a deed of trust given as security for an obligation is not such a trust, but is one created for the benefit of the trustor as well as for the benefit of the named beneficiary. (*Touli* v. *Santa Cruz County Title Co.*, 20 Cal. App. (2d) 495, 498 [67 Pac. (2d) 404]; and see 25 Cal. Jur. 11.) Manifestly, the instrument in question lacks the fundamental characteristics of a mortgage for the same reasons that it cannot be held a deed of trust. The suit herein was clearly brought within four years of the time the cause of action accrued, and the trial court was correct in finding for the plaintiff upon this issue.

The trial court found that it was not true that there was another action pending for the same cause, and inasmuch as the only evidence introduced upon this issue appears to have been the complaint in a former action it cannot be said that the evidence fails to support the finding of the court. There is nothing in the record to indicate that the former action was still pending and appellant appears to have failed to sustain the burden of proof in this respect. As pointed out above, appellant neither raises nor argues the point in his brief.

For the foregoing reasons the judgment is affirmed.

York, P. J., and White, J., concurred.