[Civ. No. 6234.   Fourth Dist.   Dec. 17, 1959.]

CHARLES RAY SMALLEY, Respondent, v. AUDREY SMALLEY, Appellant.

Marshall L. Miles for Appellant.

Wendell V. Harris for Respondent.

MONROE, J. pro tem.*—In August, 1954, the parties, being then husband and wife, entered into a property settlement agreement. In this agreement it was recited that proceedings were then pending for the adoption of the minor children of the parties by their maternal grandparents. By the agreement the wife waived all right to support and alimony and it was further provided: "The parties agree that they have been possessed of certain community property which has hereto-

*Assigned by Chairman of Judicial Council.

fore been divided between said parties, and the husband agrees that he will pay the wife the sum of $3,000 by way of property settlement, to equalize the wife's interest therein; said sum to be paid at the rate of $50 per month. . . .'' Thereafter, on December 7, 1954, an interlocutory judgment of divorce was entered, adjudging that plaintiff husband was entitled to a divorce; approving the property settlement agreement; ordering the payment of $3,000 in the manner agreed; finding that the children had been adopted by their grandparents; and that the court had no further jurisdiction to make any further awards with reference to the minor children.

In October, 1958, upon application of the defendant wife, the court ordered the issuance of a writ of execution in the sum of $2,196.61 principal, plus attorney's fees and interest. The plaintiff husband moved to quash the execution upon the ground that subsequent to the interlocutory judgment he had been discharged in bankruptcy by the United States District Court for the Southern District of California. Upon proof that the bankruptcy proceedings had been regularly pending, that the defendant had been listed as a creditor and had received notice of the proceeding, and that discharge had been issued, the court held that the debt was thereby discharged, and quashed the execution. The defendant appeals from that order.

The appellant earnestly contends that the property settlement agreement should be construed as an agreement for her support and that therefore it is not a debt dischargeable under the bankruptcy law. In support of this contention a number of decisions from other states are cited. However, the matter has been determined by the courts of California and the decisions from other states are not persuasive.

It is true, as held in *Remondino* v. *Remondino,* 41 Cal. App.2d 208 [106 P.2d 437], that an alimony judgment or a judgment which can properly be construed as being for alimony is not affected by a discharge in bankruptcy. However, it has been squarely held in California that, where the parties have entered into a property settlement agreement whereby payments are thereafter to be made to the wife, not for support but in settlement of property rights, the discharge in bankruptcy of the husband discharges the debt. (*Tropp* v. *Tropp,* 129 Cal.App. 62 [18 P.2d 385] ; *Fernandes* v. *Pitta,* 47 Cal. App.2d 248 [117 P.2d 728].)

There is no room for construction of the contract in this case. The amounts to be paid are specifically designated as

being in settlement of property rights. The right to alimony is waived. ▮ In arriving at a construction of an agreement of this character, it is important that under Civil Code, section 139, authority is given to the court to grant alimony only to the wronged party who obtains the divorce. It is accordingly held that the court has no power to grant alimony or support to the wife where a divorce is granted to the husband because of the wife's fault. (*Ex Parte Nielsen,* 19 Cal. App.2d 305 [65 P.2d 360] ; *Brooks* v. *Brooks,* 53 Cal.App.2d 93 [127 P.2d 298].) ▮ Also it is to be recollected that the right of the wife to receive support depends upon the marital relation and terminates upon divorce except for specific provisions for alimony. (*Calhoun* v. *Calhoun,* 81 Cal.App.2d 297 [183 P.2d 922].)

Guided by the foregoing principles of law, the court properly construed the property settlement agreement and the interlocutory decree as providing for payments for the settlement of property rights and not involving any payment for support. The court was therefore correct in ruling that the debt had been discharged in bankruptcy, and in quashing the execution.

Order affirmed.

Griffin, P. J., and Shepard, J., concurred.