**Dorothea L. HENSON, (Plaintiff)
Respondent,**

v.

**Marshall F. HENSON, (Defendant)
Appellant.**

No. 31114.

St. Louis Court of Appeals.
Missouri.

March 19, 1963.

Motion for Rehearing or for Transfer
to Supreme Court Denied
April 10, 1963.

**2**

Kent E. Karohl and Richard M. Stout, St. Louis, for appellant.

F. G. Armstrong and Hamilton & Armstrong, St. Louis, for respondent.

ANDERSON, Presiding Judge.

This is an action brought by Dorothea L. Henson against her divorced husband, Marshall F. Henson, to recover payments alleged to be due under a written agreement entered into between the parties at the time of their divorce. The case was tried to the court and resulted in a finding and judgment for plaintiff in the sum of $4,840.00. From this judgment defendant has appealed.

In 1951, plaintiff brought a suit for divorce against defendant. This suit was filed in the circuit court of St. Louis County. On December 28, 1951, plaintiff and defendant entered into an agreement part of which forms the basis of this suit. The relevant portions of this agreement are as follows:

"WHEREAS, a petition for divorce has been heretofore filed on behalf of plaintiff; and

"WHEREAS, defendant has filed an answer herein, and

"WHEREAS, both parties hereto desire to forever settle any property differences which each may have against the other;

"NOW THEREFORE, after having heard the evidence and the Court seeing fit to grant a Decree of Divorce to plaintiff, IT IS AGREED BY AND BETWEEN THE PARTIES HERETO, as follows:

"1. Plaintiff is to have the care, custody and control of Harry Elmer, William Marshall, Dorothea Kay, Mary Frances and Betty Joe, the minor children of both parties, with the right of defendant to have and see said children at all reasonable times and more par-

ticularly on alternate Saturdays and Sundays from 2:00 o'clock P. M. on Saturday to 6:00 o'clock P. M. on Sundays, until the further order of the Court.

\* \* \* \* \* \*

"3. Defendant is to pay to plaintiff as and for the support and maintenance of the three youngest children, Dorothea Kay, Mary Frances and Betty Joe, the sum of FORTY ($40.00) Dollare per month for each child, payable semi-monthly until they attain their majority, or until the further order of the Court.

"4. Defendant is to pay to plaintiff as and for support and alimony the sum of Fifty ($50.00) Dollars per month until plaintiff remarries, or until the further order of the Court.

"IT IS FURTHER AGREED by both parties hereto that the real estate belonging to both parties, now located at 8529 Church Bell Lane, in the Township of Jennings, County of St. Louis, State of Missouri, shall be transferred and placed in the name of plaintiff, Dorothea L. Henson, and that defendant shall continue to make all payments on the Deed of Trust now on said property, with the understanding that should plaintiff remarry then said property shall be sold and the equity divided between both parties hereto and all future payments on said First Deed of trust are to cease as of the date of said marriage."

After the execution of the foregoing agreement, and on the same day, to-wit, December 28, 1951, the Court granted plaintiff a divorce. By its decree the court granted plaintiff custody of the five children, with visitation rights to defendant, and the "sum of $50.00 per month for alimony" and the further sum of $120.00 per month for the support of the three younger children, payable semi-monthly, all in accordance with the stipulation filed.

The decree made no mention of that portion of the agreement relating to real estate. However, in compliance with said agreement, the defendant conveyed his interest in the real estate to plaintiff.

The deed of trust mentioned in the agreement was executed by the parties on May 26, 1949 to secure a note payable to Pine Lawn Bank and Trust Company in the sum of $7,300.00 with interest at $4\frac{1}{2}\%$, the principal and interest payable in monthly installments commencing on the first day of July 1949, with final payment of principal and interest, if not sooner paid, due June 1, 1974.

In 1956 plaintiff filed in the divorce case a motion to correct the judgment therein nunc pro tunc, by including therein the provisions of the settlement agreement relating to the real estate and payments on the deed of trust by defendant. There was also a prayer in said motion for an increase in the allowance per month for the support of the children from Forty ($40.00) Dollars per month, for each child, to Fifty-Five ($55.00) Dollars per month, for each child, and a reasonable allowance for attorney's fees for the prosecution of said motion. On September 14, 1956 the court entered its order denying that part of plaintiff's motion which prayed for a correction of the judgment nunc pro tunc, but sustained said motion in so far as it prayed for an increase in the allowance for the support and maintenance of the children and for attorney's fees. By said order the allowance for the support of the children was fixed at $50.00 per month for Betty Jo, Mary Frances, and Dorothea Kay; an attorney's fee in the sum of $100.00 was allowed, and alimony of $55.00 per month was allowed plaintiff.

On October 29, 1959, plaintiff executed a warranty deed conveying her interest in the property in question to her son Marshall W. Henson. On the same day defendant and his second wife also executed a warranty deed to the real estate to the son Marshall W. Henson. On the deed

executed by plaintiff there are affixed federal documentary stamps in the amount of $8.80. There was no consideration for the deed from defendant. The son also testified that he was holding the title to the property for the benefit of his mother; that the purpose of the transfer of the title to him was to enable him to use his credit to refinance the mortgage; to stop foreclosure and to refinance the property so that his mother could keep it; that after the conveyance to him the property was refinanced and that his mother actually was making the payments on the new debt; and that his intention was that the property, when it was paid for, should belong to his mother.

On May 19, 1960 the defendant was a bankrupt in the United States District Court for the Eastern District of Missouri. Plaintiff's claim was listed as an unsecured claim in the schedules filed in that proceeding. On September 1, 1960, defendant received his discharge in bankruptcy.

Appellant's first point is that he was released from the payment of the debt, imposed upon him under the separation agreement, by his discharge in bankruptcy.

In support of this contention it is urged that the part of the agreement which gave rise to plaintiff's claim was a property settlement and not one for maintenance and support. The Bankruptcy Act (11 U.S.C.A. § 35) provides that a discharge in bankruptcy shall release the bankrupt from all his provable debts except certain enumerated ones including "* * * for alimony due or to become due, or for maintenance or support of wife or child, * * *". (11 U.S.C.A. § 35, p. 271.) No exception is made by said section for a liability incurred in effecting a property settlement, but where the agreement is substantially for alimony, maintenance or support, it has been held or recognized that the obligation thereunder is not dischargeable in bankruptcy. And this is so even though property rights are adjusted between the parties for the purpose of furnishing that support. Poolman v. Poolman, 8 Cir., 289 F.2d 332; Lyon v.

Lyon, 115 Utah 466, 206 P.2d 148; Blair v. Blair, 44 Cal.App.2d 140, 112 P.2d 39; Battles v. Battles, 205 Okl. 587, 239 P.2d 794; In the Matter of Alcorn, Bankrupt (D.C. Cal.), 162 F.Supp. 206; Remondino v. Remondino, 41 Cal.App.2d 208, 106 P.2d 437; In re Ridder, 2 Cir., 79 F.2d 524, 103 A.L.R. 719. The fact that the agreement is called a property settlement and referred to as such in the divorce decree is immaterial, it being the substance of the contract which controls the determination of the intent of the contracting parties. Lyon v. Lyon, supra; Egbers v. Northern Pacific Ry. Co., 98 Wash. 531, 167 P. 1073; Blair v. Blair, supra; Battles v. Battles, supra; In re Alcorn, supra. And it is not only alimony and maintenance in conventional form, (viz. monthly sums paid to the wife), that is excluded from the provision for discharge, but all obligations for maintenance and support of the wife or child, whether denominated alimony or maintenance by the statute or created by agreement of the parties. It follows then that the real issue in the case at bar is whether the agreement which the parties entered into was in reality an agreement for support and maintenance instead of an attempt to settle property rights.

A case very much in point on the issues raised in the case at bar is Poolman v. Poolman, supra. In that case the parties entered into a separation agreement on November 25, 1957, in contemplation of a divorce, to settle their property rights and "all right of support and maintenance" of the wife and rights growing out of the marriage relationship. Under this agreement the husband agreed to pay the wife $50.00 per week for the support and maintenance of their three children, the amount to be diminished as they became emancipated or reached their majority, and to cease when they all reached that status; the wife was to have the home which the parties owned, subject to a deed of trust securing a joint note; the husband agreed to convey his interest in this property to the wife and to make payments on the deed of trust. On November 27, 1957 Mrs. Poolman was granted a divorce. Pool-

man defaulted in the payment of the installments under the deed of trust, and his divorced wife borrowed money and paid them. On September 16, 1959, she obtained a judgment against Poolman for the amount she had paid, then garnisheed his wages. On September 17, 1959, Poolman filed a petition in bankruptcy scheduling the judgment as an unsecured provable debt. He also scheduled the balance due on the note, $5,967.12, secured by the deed of trust.

Poolman thereafter obtained a discharge from his provable debts, and then brought this proceeding to secure a release of the garnishment, and to restrain his divorced wife from further proceeding in the state court on the judgment growing out of his default in making installment payments on the trust deed. The District Court enjoined Mrs. Poolman as requested, holding that the debt evidenced by the state court judgment was not within Section 17 of the Bankruptcy Act and was dischargeable. The Court of Appeals reversed the decision. The Court said:

"We are convinced, however, that the state court judgment evidenced a liability for 'maintenance or support of wife or child' within the meaning of Section 17 of the Bankruptcy Act, and was not a dischargeable debt. It is safe to say that the obligation to maintain and support a family includes the obligation to keep a roof over their heads. It is obvious that that is what the bankrupt undertook to do when he agreed to keep up the installment payments on the trust deed upon the home in which his divorced wife and his children were to live.

\*    \*    \*    \*    \*    \*

"Our conclusion is that the state court judgment debt, which was based upon the bankrupt's contractual obligation to make payments on the trust deed encumbering the home occupied by his divorced wife and children, was not dischargeable in bankruptcy and was not

affected by the bankrupt's discharge." (289 F.2d 332, 1. c. 335.)

In Lyon v. Lyon (1949) 115 Utah 466, 206 P.2d 148, it was held that the trial court did not err in ruling that even though a divorce decree provided for a property settlement in accordance with the stipulation of the parties, which among other things, provided that the husband pay a mortgage on certain property owned by the parties, such property settlement was really an award for support and maintenance of defendant's wife "in the nature of alimony", and therefore the obligation thereunder was not discharged in bankruptcy. The court stated that a property settlement of 15/16 in favor of the wife and 1/16 to the husband was highly unusual; that the wife was well past middle age and could not reasonably be expected to find employment of the type for which she had been trained; and that the facts that the husband was to pay off the mortgage on the home, pay alimony in gross in monthly installments of $50.00, and carry insurance on his own life with his former wife as beneficiary, and that she received nearly all of the household furniture, all pointed to the idea of support.

After reviewing the facts in this case, and the law as announced in the foregoing cases, it is our opinion that the trial court did not err in refusing to rule that the agreement in question was a property settlement and that the debt sued on was discharged in the Bankruptcy proceeding.

The agreement provided for alimony for the wife in the sum of $50.00 per month, $40.00 per month for the maintenance of three of the five children of the parties, and the conveyance to plaintiff of the home in which the parties had lived, and where it could reasonably be inferred the wife and children then resided. There was a provision for payment of the mortgage installments on the property and a stipulation that if the wife remarried the payments would cease and the property would be sold and the proceeds of the sale divided equally between the parties. No other property of

any kind was dealt with, nor was there any release by the wife of any rights in the husband's other property. It seems to us to be clear that the purpose of the portion of the agreement with respect to the real property was to furnish a place where the wife and five children might live and, in reality, was a contract for support and maintenance of the wife and children and not one to settle property rights as between the husband and wife.

 It is next urged that the circuit court of St. Charles County did not have jurisdiction of the subject matter for the reason that it was an attempt to secure support and maintenance through an independent action which is not permissible where another court has made an award for alimony and support. There is no merit to this contention. The provisions of the separation agreement with respect to the real estate and the payment of the installments on the deed of trust were not incorporated in the decree. Under such circumstances there was no merger of defendant's obligation under said agreement with the decree of divorce. 17A Am.Jur. § 907, and for that reason suit was properly brought on the agreement. 17A Am.Jur. § 920, p. 106. Our conclusion is that the circuit court of St. Charles County had jurisdiction over the subject matter of this suit.

Finally it is contended that defendant was released from his obligation to pay the installments due by reason of the transfer of the title to the property by the parties to their son, thus putting it beyond plaintiff's power to fulfill her obligations under the contract. There is no merit to this contention. Defendant had already breached the contract, and for that reason had no right to complain of a possible future breach by the plaintiff. 17 C.J.S. Contracts § 458, pp. 943–945. Furthermore, it does not appear that plaintiff put it beyond her power to perform her obligations which would arise in the event of her remarriage.

The title to the property is held for the mother as appears from the son's uncontra-

dicted testimony, and a reconveyance could be had if necessary for performance by plaintiff of her duties under the contract.

We find no error in the record. The judgment appealed from is affirmed.

WOLFE, J., concurs.