[Civ. No. 35012. Second Dist., Div. Two. Apr. 23, 1970.]

JOHN MYHERS, Plaintiff and Appellant, v.
FREDA R. MYHERS, Defendant and Respondent.

## COUNSEL

Joe M. Agapay, Jr., for Plaintiff and Appellant.

Ross & Saunders and Saul Ross for Defendant and Respondent.

## OPINION

**FLEMING, J.**—John Myhers appeals the denial of his motion to discharge of record of a judgment for $37,800 in favor of his ex-wife Freda.

John and Freda, having separated in 1961, executed a separation agreement in 1962. Freda then obtained a Mexican divorce, which in its decree incorporated the terms of the separation agreement. In 1964 John complained for divorce in the Los Angeles Superior Court, and Freda cross-complained for breach of the separation agreement. Subsequently, John dismissed his complaint, and Freda obtained a judgment for $37,800 on her cross-complaint. Thereafter John filed a bankruptcy petition in the United States District Court in which he listed Freda as an unsecured creditor. Freda was notified of the proceeding, but she did not appear nor did she oppose the discharge in bankruptcy which John obtained in February 1967. The sole issue presented by the motion was whether Freda's $37,800 judgment had been discharged by John's bankruptcy. (Code Civ. Proc., § 675b.) The judgment would be dischargeable in bankruptcy unless it represented a liability "for alimony . . . or for the maintenance or support of wife . . ." (11 U.S.C.A. § 35 (a) (2).)

Under the separation agreement John agreed to pay Freda *"for her support and maintenance,* together with all medical, hospitalization, dental, and any or all other expenses incurred by her, a sum of $300.00 . . . per week . . . for a period of . . . (121) months . . .; unless [Freda] remarries or dies prior to said time." (Italics ours.) Freda agreed that the weekly $300 was to cover all her expenses during the period of the agreement and that John would not become liable to pay any sum in excess of $300 a week. The parties declared that the separation agreement would survive any divorce decree and would not merge with it, that each party released the other from all obligations and rights arising from the marital relationship (including, presumably, the right to support and maintenance or alimony). The $37,800 judgment in favor of Freda was based on 126 unpaid weekly payments accruing under the separation agreement.

John argues that notwithstanding the phraseology in the separation agreement which declared that the weekly payments were for "support and

maintenance," the payments were in fact part of a property settlement between the parties and, as such, amounted to a contractual obligation dischargeable in bankruptcy. John reasons as follows: (1) a debt based on a property settlement is dischargeable in bankruptcy (*Smalley* v. *Smalley,* 176 Cal.App.2d 374 [1 Cal.Rptr. 440, 74 A.L.R.2d 756]); (2) payments under a property settlement cannot be modified by the courts (*Puckett* v. *Puckett,* 21 Cal.2d 833, 840 [136 P.2d 1]), while payments for support and maintenance, on the other hand, can be modified (Civ. Code, § 139); (3) payments under this particular separation agreement were non-modifiable (a) because the agreement implicitly so provided, (b) because Freda waived all marital rights except those granted her under the agreement (as in *Puckett* v. *Puckett, supra,* pp. 840-842, and *Ettlinger* v. *Ettlinger,* 3 Cal.2d 172 [44 P.2d 540]), and (c) because use of the terms "support and maintenance" did not necessarily render the payments modifiable (*Puckett* v. *Puckett, supra,* p. 842; *Ettlinger* v. *Ettlinger, supra,* p. 179); (4) since the payments were non-modifiable they were payments under a property settlement and not payments for support and maintenance; (5) therefore, the judgment based on these payments was dischargeable in bankruptcy.

In analyzing this argument we will assume that the weekly payments for support and maintenance under the separation agreement were not modifiable and to that extent differed from payments for support and maintenance ordered by a court. (But cf. Civ. Code, § 4811, effective 1 January 1970.) Appellant argues that since the weekly payments were non-modifiable they amounted to a division of property and hence became a liability dischargeable in bankruptcy. However, we see no necessary connection between modifiability and dischargeability. ■ Prior to entering the separation agreement, Freda, like any wife, had a potential right to an allowance for support and maintenance, an allowance which would be (1) modifiable by the courts, and (2) non-dischargeable in bankruptcy. Under the separation agreement she gave up her right to a modifiable allowance. But we see no reason why her relinquishment of that right should imply that she also gave up her statutory right to keep the allowance non-dischargeable in bankruptcy. *Remondino* v. *Remondino,* 41 Cal.App.2d 208 [106 P.2d 437], provides direct authority to the contrary. (See also *Tropp* v. *Tropp,* 129 Cal.App. 62 [118 P.2d 385]; *Smalley* v. *Smalley,* 176 Cal.App.2d 374 [1 Cal.Rptr. 440, 74 A.L.R.2d 756]; *Dunbar* v. *Dunbar* (1903) 190 U.S. 340 [47 L.Ed. 1084, 23 S.Ct. 757]; *In re Ridder* (2d Cir. 1935) 79 F.2d 524 [103 A.L.R. 719].) ■ We think it clear that the character of periodic payments owing a wife is not exclusively determined by modifiability.

■ The disputed issue at bench—whether the agreed payments to Freda were for "maintenance or support" or whether they were merely part of an

agreed division of property—must be resolved by an examination of the terms of the agreement in the light of the conduct and circumstances of the parties. (*Tropp* v. *Tropp, supra,* p. 65; *Remondino* v. *Remondino, supra,* p. 219.) ■ Here, the separation agreement expressly declared that the payments of $300 per week were for Freda's support and maintenance, and were designed to cover all expenses incurred by her. Additionally, the agreement provided for the termination of payments in the event of Freda's remarriage or death. Viewing the agreement in its entirety we have little difficulty in concluding that these payments were designed for Freda's support and maintenance, and as such became liabilities of John's which were not dischargeable in bankruptcy.

The order denying the motion to discharge the judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 17, 1970. Wright, C. J., did not participate therein.