**In re Billy Lee SNYDER, Bankrupt.**

**Ella H. SNYDER, Plaintiff (Appellant),**

v.

**Billy Lee SNYDER, Defendant (Appellee).**

**Bankruptcy No. 78–00065(H).**
**Civ. A. No. 80–0110(H).**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Oct. 15, 1980.

Talmage N. Cooley, Waynesboro, Va., for plaintiff.

W. Wayne Heslep, Lexington, Va., for defendant.

## MEMORANDUM OPINION

DALTON, District Judge.

This is an appeal from a Bankruptcy Court order which stated that seven thousand dollars ($7,000.00) due under a separation agreement between the parties was in the nature of a property settlement and was not alimony. Therefore, under 11 U.S.C. § 35(a)(7), the debt was held to be dischargeable in bankruptcy proceedings. Plaintiff, defendant's former wife, appeals claiming that the debt is for alimony and is not dischargeable. The order of the Bankruptcy Court is affirmed.

On June 15, 1977 the parties entered into a separation agreement which was intended to settle all issues of alimony and support, and all issues concerning the division of jointly held property. At the time the contract was signed the parties were still married. They are now divorced. The divorce decree incorporated by reference the separation agreement in accordance with the terms of that contract and through Va.Code § 20–109.1 (1950 as amended). The defendant husband has custody of the two children born to the marriage. There are no child support questions at issue.

The agreement begins with a general recital of what is to be resolved. The part of the opening recital pertinent here states: "The parties intend and it is the purpose of this agreement to memorialize the separation of the parties and their agreement to remain permanently apart; to make a complete and final settlement of all claims that WIFE may have against HUSBAND for alimony, support and maintenance; and to provide for the equitable and fair division of the jointly–held property of the parties."

After this recital there are eight separate sections. Each section addresses a different issue. The second section is titled "Division of Property." It states that the parties own three tracts of land as tenants by the entireties. It further states "The parties hereto agree to resolve all property matters by the payment of Seventeen Thousand Dollars ($17,000.00) by HUSBAND to WIFE." The schedule for payments was stated to be $8,000.00 upon the sale of one of the tracts of land, $2,000.00 to be paid before the end of 1977, $3,500.00 to be paid before the end of 1978 and $3,500.00 to be paid before the end of 1979. These last two installments, of $3,500.00 each, have not been paid and are at issue here. The $2,000.00 payment which has been paid, and the two $3,500.00 installments were secured by a $9,000.00 note and deed of trust on one of the tracts of real estate.

The second section continues by saying that it is expressly understood by the parties that for the $17,000.00 the wife agrees to convey all of her right, title and interest in the realty and in a front end loader to her husband. In exchange for these conveyances, and in addition to the payment of $17,000.00, the husband agrees to exonerate the wife of all outstanding debts and encumbrances against the land, the front end loader, and certain unsecured notes. The section ends by stating that all personal property has already been equitably divided.

Section three deals with separate property rights for currently held and after acquired property held by either party. Section four states that each party releases all rights to share in the estate of the other party. Section five in its entirety states "WIFE hereby agrees to waive, forego, release and forgive any claim for support, maintenance or alimony that she may have against HUSBAND, including all of her past, present and future claims."

This contract will be construed in light of 11 U.S.C. § 35(a)(7) which states that alimony is a debt which is not affected by a bankruptcy discharge. Alimony is not discharged because it is a duty rather than an ordinary debt. The continuing common law duty of one spouse to support the other is essential to the public and to the parties. The importance of this legal duty precludes alimony from being considered to be a dischargeable debt. *Audubon v. Shufeldt*, 181 U.S. 575, 21 S.Ct. 735, 45 L.Ed. 1009 (1901).

■ The plaintiff has the burden of proving that the debt is not dischargeable. *Holloway v. Holloway*, 69 Wash.2d 243, 417 P.2d 961 (1966). If she sustains this burden, the defendant will continue to be indebted to her for $7,000.00.

This court is not bound by the Virginia definition of alimony. The question of dischargeability of debts in bankruptcy is to be decided by federal standards. This court and the Bankruptcy Court consider this to be a question of the effect of the Bankruptcy Act and not a question of common law. *Shacter v. Shacter* (in re *Shacter*) 467 F.Supp. 65 (D.Md.1979), *aff'd* per curiam, 610 F.2d 813 (4th Cir. 1979). Even if state law was binding upon this court, we would affirm the order of the bankruptcy judge. Va.Code § 20–109.1 (1950 as amended) allows the court to incorporate by reference in a divorce decree an agreement between the parties. The purpose of this is to encourage the voluntary settlement of property, custody and support matters. To facilitate the enforcement of the agreement the court may use its contempt power on any of the contract provisions. *Morris v. Morris*, 216 Va. 457, 219 S.E.2d 864 (1975). An agreement does not become "alimony" simply because the court may use the power of contempt to enforce it. Plaintiff's reliance on *Martin v. Martin*, 205 Va. 181, 135 S.E.2d 815 (1964) and *Shoosmith v. Scott*, 217 Va. 789, 232 S.E.2d 787 (1977) is misplaced. *Martin* came before Va.Code § 20–109.1 (1950 as amended) was enacted in 1972 and *Shoosmith* deals with a contract which was entered into before 1972.

There are three major factors which militate against finding this debt to be alimony. First, there is no express intent or purpose to grant alimony. Second, the structure and terms of the contract clearly preclude an award of alimony. Third, several telltale characteristics of an alimony award are missing.

If we should find that the parties intended to award alimony, then the debt ought not to be discharged. It is the substance and nature of the contract that controls, and not what it may be labelled. *Blair v. Blair*, 44 Cal.App.2d 140, 112 P.2d 39 (1941). In order to determine whether this agreement is a property settlement or alimony, we must look to see if it merely provides for the division of property or if it embodies the common law duty of support. *Liverman v. Liverman* (in re *Liverman*), 463 F.Supp. 906 (E.D.Va.1978). Here, other than the recital which mentions the word "alimony" and section five which expressly waives alimony, there is no stated purpose or intent to award plaintiff support payments. The contract shows that the parties were aware of the possibility that alimony may be payable upon divorce. However, the contract goes further to unambiguously waive the right to alimony. There is no other clause or phrase from which we can affirmatively detect or infer that the parties intended to award alimony.

■ The strongest evidence against plaintiff's position is the structure and terms of the contract itself. Plaintiff argues that because the opening recital expressly mentions alimony that all provisions within the contract are somehow related to alimony. In light of the actual written terms of the contract, this view is untenable. Although the contract may recognize the right to alimony in the recital, alimony is expressly and unambiguously waived in the fifth section. A contract is to be construed as a whole and effect given to every provision if possible. However, if there is an inconsistency between the obligatory part of the contract and the opening recitals, effect will be given to the obligatory part. *Scott v. Albemarle Horse Show*

*Ass'n.*, 128 Va. 517, 104 S.E. 842 (1920). This is especially true if the recitals are ambiguous and the operative part is clear, as is the case here. *Miller v. Miller*, 276 Or. 639, 555 P.2d 1246 (1976).

After the recitals, eight separate and distinct sections deal with eight different issues. There seems to be no interdependency between the sections. Section two speaks only of the division of jointly held property. It is the only section which addresses that issue. The words in section two show that the $17,000.00 debt incurred by the husband is part of an agreement to "resolve all property matters." It is specifically stated to be in exchange for the wife's conveyances of her interests in the real estate. Nowhere is it stated or inferred that the wife waived her right to alimony to get the $17,000.00. In fact, as co–owner of the land, she was probably entitled to one–half of the value of the land regardless of what alimony provisions may have been made.

Sections two and five, the crucial sections in this case, are separated by two sections which are unrelated to the issues of alimony or monetary property settlements. Section five is the only one of the substantive sections which discusses, alludes to, or even infers the existence of the right to alimony. The section expressly waives any such right. Plaintiff argues that because the money is likely to be used for her support, that it ought to be considered as alimony. How plaintiff chooses to spend the money is not at issue here. Our inquiry is whether she acquired the money through a property settlement or through the intentions of the parties to grant her a lump sum award of alimony. The contract itself clearly indicates that there was to be no alimony awarded. Although our view of the contract may be "narrow, literal and parochial," Memorandum of Law of Plaintiff at 2, we believe that each section is distinct and that plaintiff expressly and unconditionally waived her right to alimony.

There are certain characteristics in an agreement which can help to label a clause as a property settlement or as alimony. The intentions of the parties and the substance of the obligation should always be paramount. However, these can be aids to guide the court if the intentions of the parties are in dispute or if the contract is ambiguous. First, the payments here are for a sum certain and payable over a relatively short period of time. Even if plaintiff needs funds to keep her off of the welfare rolls, there is no continuing duty of support beyond the payment of the $17,-000.00. *Smalley v. Smalley*, 176 Cal.App.2d 374, 1 Cal.Rptr. 440 (1959); *Holloway v. Holloway*, 69 Wash.2d 243, 417 P.2d 961 (1966). Second, there is no provision for the alteration or termination of the payment schedule if plaintiff remarries or if either party dies. Such a provision would be indicative of an alimony agreement. *Myhers v. Myhers*, 6 Cal.App.3d 855, 86 Cal.Rptr. 356 (1970); *Adams v. Burg*, 367 Mass. 617, 327 N.E.2d 745 (1975). Third, the debt was not incurred by the husband to directly pay for furniture or housing for the wife. A debt incurred for the immediate living expenses of the spouse can be considered to be alimony. In Re *Sterchi* [1973] Bankr.L.Rep. (CCH) ¶ 64,903 (E.D.Tenn. April 10, 1973). Although none of these characteristics is determinative on classifying an agreement as a property settlement or as alimony, they are indicative of the proper classification. In cases similar to this one where there is a debt for a sum certain not effected by remarriage or death of the parties which is not directly payable for living expenses and where there is no express or inferable intent to grant alimony, the courts have found the debt to be for a property settlement. *Smalley v. Smalley*, 176 Cal.App.2d 374, 1 Cal.Rptr. 440 (1959); *Holloway v. Holloway*, 69 Wash.2d 243, 417 P.2d 961 (1966).

■ The judgment of the Bankruptcy Court will not be disturbed on appeal unless it appears there is no basis for the factual findings, or there is an erroneous conclusion of law. *Stein v. Hemker* (In re *Embassy Co.*), 157 F.2d 740 (8th Cir. 1946). The factual findings of the bankruptcy judge are not being contested. We find that

there are no erroneous conclusions of law. The lack of any reasonable inference or affirmative statement acknowledging that alimony is to be paid, the structure and terms of the contract, and the characteristics of the monetary award all argue against considering the $17,000.00 debt to be alimony. The $7,000.00 owing to the wife is the balance due from a property settlement agreement. Therefore, it is dischargeable in bankruptcy proceedings. We hold that the order of the bankruptcy judge is affirmed.