In re Charles H. GABELE, Jr. and Susan L. Gabele, Debtors.

Rhea GABELE, Plaintiff,

v.

Charles H. GABELE, Jr., Debtor-Defendant.

Bankruptcy No. 581–650.

Adv. No. 581–0569.

United States Bankruptcy Court, N. D. Ohio.

Nov. 12, 1981.

William P. Lang, Brunswick, Ohio, for plaintiff.

Alan M. Goodman, Cleveland, Ohio, for debtor-defendant.

H. F. WHITE, Bankruptcy Judge.

On June 29, 1981 Rhea Gabele, hereinafter referred to as former wife, filed a complaint to determine the dischargeability of a debt incurred by Charles H. Gabele, Jr. Pleadings were filed by the defendant, Charles H. Gabele, Jr., hereinafter referred to as debtor. The parties submitted an agreed Stipulation of Facts and the debtor filed a motion for summary judgment.

## FINDING OF FACT

1. On April 20, 1981 a voluntary petition in bankruptcy was filed by the debtor in which his former wife was listed as a creditor.

2. The debtor and his former wife received a divorce in 1979 and the Separation Agreement was made a part of the Divorce Decree. Said Divorce Decree was entered on April 25, 1979.

3. The Separation Agreement of March 6, 1979 provided in paragraph X for the sale of the real estate and indicated that the proceeds were to be divided equally between the parties.

4. Paragraph 15 provided that after the Separation Agreement had been approved by the Common Pleas Court of Medina County that the wife was not to receive support or alimony from her husband.

5. The Addendum in Amendment of the Separation Agreement, paragraph XXVIII, Division of Property, provided that the husband was to pay to the wife as part of the division of property the sum of $20,000.00 on or before May 15, 1980, unless the real estate was sold prior to that date and then she was to be paid the sum of $20,000.00 out of the proceeds of the sale of the real estate. The former wife had quitclaimed by deed the property to the debtor.

6. The Addendum also provided for an increase from $150.00 to $250.00 per month for child support and an increase of $5.00 per month per year starting in 1980.

7. The sum of $20,000.00 was not paid by the debtor on May 15, 1980 and on November 25, 1980 the former wife obtained a judgment in the amount of $20,000.00 and filed a judgment lien against the real estate now owned by the debtor and Susan L. Gabele on December 13, 1980 in the amount of $20,000.00.

## ISSUE

The issue is whether the property division set forth in the agreement of the parties is a dischargeable debt under 11 U.S.C. Section 523(a)(5).

## LAW

The debt which Debtor's former wife seeks to have determined to be nondischargeable was reduced to judgment in November, 1980. On November 25, 1980 a judgment lien was filed in favor of Debtor's former wife in the amount of $20,000.00 against the real property in question. This lien was filed more than three months prior to the Debtor filing his Petition in Bankruptcy and no issue has been raised as to the validity of that lien. Accordingly, the sole issue before this Court is whether that portion of the debt which is unsecured is dischargeable in bankruptcy. This Court holds that it is.

■ 11 U.S.C. Section 523(a)(5) excepts from discharge those debts to a former spouse which are for alimony, maintenance or support of the former spouse. The party asserting the nondischargeability of the debt bears the burden of proving that the debt is in the nature of alimony, maintenance or support. Bankruptcy Rule 407; *In Re Ingram*, 5 B.R. 232 (Bkrtcy.N.D.Ga. 1980).

■ This matter was submitted to the Court based upon the pleadings, including by reference, the Separation Agreement between Debtor and his former spouse, as well as a Stipulation of Facts. The Separation Agreement is clear and unambiguous in its terms.

In Paragraph XV of that Agreement, dated March 6, 1979, Debtor's former wife waived all rights she may then have had to alimony. Paragraph XV further provides that prior to this waiver being made, Plaintiff, Rhea Gabele, had been advised of her rights concerning alimony.

On April 26, 1979, this agreement was amended and the provision under question herein came about. Paragraph XXVIII, as set forth in the Amendment, is labelled "Division of Property". The paragraph requires Debtor to pay to his former wife the sum of $20,000 "as part of the division of property between HUSBAND AND WIFE..." As consideration for this payment, Debtor's former wife was required to quitclaim all rights and interests she held in and to the real property known as 10071 Franchester Road, Harrisville Township, Ohio.

The clear import of the language used by Debtor and his former wife in the Separation Agreement is that the parties intended Paragraph XXVIII to be a property settlement. *In Re Payne*, 13 B.R. 481 [1978–1981 Transfer Binder] Bankruptcy L.Rep. (CCH) ¶ 67,997 (Bkrtcy.D.Nv.1981). Debtor's former wife, while acknowledging that she was aware of her rights to alimony, expressly waived alimony. The award, asserted by Plaintiff herein to be alimony, is set forth in a paragraph labelled "Division of Property" and is referred to within that paragraph as a division of property. It is evident from the language used, as well as the fact that pursuant to this paragraph in the amendment, that Rhea Gabele was to quitclaim her interest in the real property, that this Paragraph was agreed upon as a means of dividing the couple's interests in the real property.

The situation herein thus is highly similar to that in *In Re Snyder*, 7 B.R. 147 (W.D. Va.1980). The Plaintiff in that case had also expressly waived her right to alimony. The debt alleged to be nondischargeable in that case was likewise one arising from a

division of the real property owned by the couple. The District Court in that case affirmed the decision of the Bankruptcy Court which had found the debt to be dischargeable as a division of property.

Like the award in *Snyder*, the one herein also lacks the characteristics generally associated with an alimony award. The Separation Agreement, as amended, provides for a one-time lump sum payment to the former wife, which payment is totally unrelated to any need for support which the former wife may have following that payment. The payment was to be made whether or not Plaintiff remarried or either party died after the dissolution was granted but before the payment was due on May 15, 1980. The debt was not incurred by Debtor to directly pay for necessaries of his former wife, such as furniture or housing. *In Re Snyder, supra.*

Plaintiff could have placed before this Court evidence showing that despite the unambiguous nature of the words used in the Separation Agreement, she and Debtor intended the $20,000.00 award to be alimony. Plaintiff chose not to do so, but instead relied upon the Separation Agreement itself. As the Separation Agreement evidences an intent that the award in question be viewed as a division of property, Debtor's former wife has failed to sustain her burden of proof to show that the debt in question is in the nature of alimony, maintenance or support.

## CONCLUSION

Therefore, it is the conclusion of this Court that the unsecured portion of the debt owed to Plaintiff, Rhea Gabele, in the amount of $20,000.00 is dischargeable in bankruptcy as it is a division of property between the parties.