[Civ. No. 8717.   First Appellate District, Division Two.—January 20, 1933.]

VIOLET W. TROPP, Appellant, v. E. TROPP, Respondent.

James P. Sweeney for Appellant.

Young, Hudson & Rabinowitz for Respondent.

SPENCE, J.—By the terms of the agreement of the parties hereinafter set forth, which agreement was embodied into and approved by the terms of the amended interlocutory decree of divorce and also the final decree, defendant was required to pay to plaintiff the sum of $250 per month and the further sum of $50,000 payable in ten annual installments. Subsequently the defendant moved the trial court for an order terminating his liability for the payment of said sum of $250 per month on the ground that plaintiff

had remarried and for a further order perpetually staying execution of that portion of the judgment providing for the payment of $50,000 upon the ground that defendant had "obtained a discharge in bankruptcy from all of his provable debts including that for said $50,000". From the order granting said motion plaintiff has appealed.

Said agreement, which recited that the parties "desire to completely settle and adjust all property rights between said parties", provided as follows:

"Now, therefore, the party of the first part agrees to pay the party of the second part the sum of $250.00 per month, subject to reduction thereof as provided for in the next paragraph, payable on or about the first day of each and every month hereafter as and for the maintenance and support of the party of the second part until remarriage of said party of the second part, and thereupon the obligation of the party of the first part to continue such payments shall cease and determine.

"The party of the first part hereby further agrees to pay the party of the second part the sum of fifty thousand dollars in ten equal annual installments, the first of which shall be payable one and a half ($1\frac{1}{2}$) years from the date hereof and the remaining installments on the same date of each and every year thereafter until the said sum of fifty thousand dollars has been paid without interest. Upon payment of each annual installment of five thousand dollars, the monthly allowance of two hundred and fifty dollars provided for in the preceding paragraph shall be reduced to the extent of twenty-five dollars per month, it being distinctly understood that each respective $25 per month reduction shall only take effect upon payment of each respective $5000 installment. First party's obligation to pay said monthly allowance shall cease in the event of remarriage of second party, but in this event first party's obligation to pay said $50,000 and/or balance thereof shall continue in full force and effect. . . .

"The party of the second part hereby releases the party of the first part from all claims and demands of every character arising out of the marital status of said parties, including attorneys' fees in the action between said parties, 'costs, temporary alimony, permanent alimony, support and

maintenance, right of family allowance and right to inherit, and all claims of every character and description held by the said second party against the said first party, save as herein provided. The second party further relinquishes all right, title, claim and demand in and to community property of said parties and hereby sets over, transfers, assigns and delivers to the said first party all properties, claims and demands of every character and description owned by said parties, it being distinctly understood and agreed that this agreement comprises the complete adjustment and settlement between said parties of all claims and demands of every character and that said second party shall have no rights, titles or claims against said first party, save as herein provided, . . . ''

The amended interlocutory decree recited that it appeared ''to the satisfaction of the court from the agreement submitted to the court adjusting the property rights of the parties to this action that the same is fair and equitable and reasonable provision is made for the maintenance and support of plaintiff'' and decreed ''that the agreement by and between the parties hereto settling their property rights is hereby ratified and approved''.

Appellant makes no attack upon that portion of the trial court's order terminating the liability of respondent to pay appellant the sum of $250 per month. Appellant had remarried and such liability had terminated by the express terms of the agreement. The attack is directed at that portion of the order relating to respondent's liability to plaintiff in the sum of $50,000 and the only question which arises is with respect to the effect of the discharge in bankruptcy upon said liability. In this connection it appears that respondent had duly filed his petition in bankruptcy together with the required schedule listing said obligation as one of his liabilities and had thereafter obtained a decree of discharge in the bankruptcy proceedings.

Appellant contends that respondent's liability to pay said sum of $50,000 was a liability for ''maintenance or support'' within the meaning of section 17 of the Bankruptcy Act as amended in 1903 (U. S. Stat. L., vol. 32, part I, p. 798), and that the trial court erred in concluding that said liability was ''a proven and dischargeable debt in said bank-

ruptcy proceedings''. In our opinion this contention is without merit.

By the terms of that section as amended, the decree of discharge released respondent from ''*all* of his provable debts'' except liabilities for ''alimony due or to become due, or for maintenance or support of wife or child . . . '' No exception is made by said section for a liability incurred in effecting a property settlement. If, then, the liability to pay the sum of $50,000 was a liability incurred in effecting a property settlement as distinguished from a liability for ''maintenance or support'', it was one of respondent's provable debts from which he was released.

It appears entirely clear that the agreement of the parties provided for two distinct liabilities. In the first paragraph of the agreement above set forth, it was expressly agreed that the liability for the monthly payment was one for ''maintenance and support''. It was not so agreed with respect to the liability for the payment of the $50,000. It was further agreed that the liability for the monthly payment was to ''cease in the event of remarriage'' while the liability for the $50,000 was to ''continue in full force and effect'' despite such remarriage. Taking the agreement by the four corners, it appears that it was essentially an agreement made for the purpose of effecting a property settlement with provision incidentally made for maintenance and support of appellant during the time provided for the completion of such property settlement. We are therefore of the opinion that the trial court correctly concluded that the only liability for ''maintenance or support'' within the meaning of the Bankruptcy Act was the liability for the monthly payment, and that the remaining liability for the payment of the $50,000 was a ''debt'' from which respondent was released.

Our attention has not been called to any authority dealing with an agreement similar to the one before us. It was generally held, even prior to the amendment of 1903, that a husband was not released from his obligation of support by a decree of discharge in bankruptcy even though such obligation had been made specific in amount by decree or agreement of the parties (*Wetmore* v. *Markoe,* 196 U S. 68 [25 Sup. Ct. Rep. 172, 49 L. Ed. 390, 2 Ann. Cas.

265]; *Dunbar* v. *Dunbar*, 190 U. S. 340 [23 Sup. Ct. Rep. 757, 47 L. Ed. 1084]; *Audubon* v. *Shufeldt*, 181 U. S. 575 [21 Sup. Ct. Rep. 735, 45 L. Ed. 1009]; *Barclay* v. *Barclay*, 184 Ill. 375 [56 N. E. 636, 51 L. R. A. 351]). It further appears that the amendment of 1903 was "merely declaratory of the true meaning and sense of the statute" as it previously existed (*Wetmore* v. *Markoe, supra*). The foregoing authorities rested upon the conclusion that the liability for maintenance and support was not a "debt" within the meaning of the Bankruptcy Act. In support of this position, reference was made to the propriety of enforcing the liability by imprisonment for contempt without violating the constitutional provision prohibiting imprisonment for debt. (*Barclay* v. *Barclay, supra*.) A reading of the above-mentioned authorities shows that in every case the liability was one which was clearly imposed with reference to the husband's obligation for maintenance and support and that the amount was a reasonable one for that purpose. In the present case the situation is quite different. A substantial monthly payment was provided in the agreement for the maintenance and support of appellant and we believe it is clear that respondent's liability for the payment of the $50,000 constituted a "debt" incurred in effecting a property settlement. Respondent having been released from said debt by the decree of discharge in bankruptcy, the order for a perpetual stay of execution was proper. (7 Cor. Jur. 398.)

The order appealed from is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.