In re Edmund M. RENZULLI, Jr., Debtor.

Barbara Lynn RENZULLI, n/k/a Barbara Lynn Zagors, Plaintiff,

v.

Edmund M. RENZULLI, Jr., Defendant.

Bankruptcy No. 81 B 1895.
Adv. No. 81 A 1362.

United States Bankruptcy Court, N.D. Illinois, E.D.

Sept. 23, 1982.

John D. Kightlinger, of Meinhardt & Kightlinger, Ltd., Arlington Heights, Ill., for Barbara Lynn Renzulli.

Michael H. Rotman, of Rotman, Medansky & Elovitz, Ltd., Chicago, Ill., for Edmund M. Renzulli, Jr.

## ORDER

LAWRENCE FISHER, Bankruptcy Judge.

This matter coming on to be heard upon the Complaint of Barbara Lynn Renzulli, n/k/a Barbara Lynn Zagors, (hereinafter referred to as Barbara Lynn Renzulli) to determine the dischargeability of debt claimed to be nondischargeable pursuant to clause five of section 523(a) of the Bankruptcy Code, and upon the Defendant's Answer thereto, and the parties appearing by their respective attorneys; and

The Court having examined the pleadings filed in this matter and having received and examined the Memoranda of Law submitted by the parties in support of their respective positions, and having heard the arguments of counsel, and the Court being fully advised in the premises;

The Court Finds:

1. On February 23, 1981 Edmund M. Renzulli, Jr., Debtor herein, filed a voluntary petition in bankruptcy under chapter 7 of the Bankruptcy Code.

2. Barbara Lynn Renzulli and Edmund M. Renzulli, Jr. were married September 20, 1975 in Cook County, Illinois.

3. Said marriage was dissolved by a Judgment for Dissolution of Marriage entered February 22, 1979 in the Circuit Court of the Nineteenth Judicial Circuit, McHenry County, Illinois, under case number 78 D 225.

4. Incorporated within the Judgment for Dissolution of Marriage was the Marital Separation Agreement which provided in pertinent part as follows:

### ARTICLE VIII

### MAINTENANCE

Husband agrees and shall pay to Wife, as and for a lump sum settlement in lieu of all maintenance, alimony, support, property rights, or other marital rights, the sum of Fifty Thousand Four Hundred Dollars ($50,400.00), said sum to be paid in installments (periodic payments) in the manner set forth hereunder for a period in excess of ten (10) years and three (3) months, One Hundred Twenty-three, (123) months, commencing and following entry of a Judgment of Dissolution in the presently pending action.

A. The sum of Two Hundred Dollars ($200.00) upon the entry of a Judgment of Dissolution herein.

B. The sum of Twelve Hundred Fifty Dollars ($1,250.00) on the last day of March, 1979.

C. The balance of Forty Eight Thousand Nine Hundred Fifty Dollars· ($48,-950.00) paid in quarterly installments of Twelve Hundred Fifty Dollars ($1,250.00) each payable on June 30, September 30, and December 31, 1979, and on the like day of each year thereafter for a period of ten (10) years.

D. A final payment of Two Hundred Dollars ($200.00) payable on the last day of March, 1989.

. . . .

It is further specifically understood by and between the parties that the remarriage of the Wife shall not in any way serve to diminish or to divest Wife of any part of the above payments.

It is further specifically understood and agreed by and between the parties that the Husband waives any claim to maintenance he may now have or hereinafter have from Wife.

5. Plaintiff claims that the obligation owed her by the Debtor constitutes maintenance and is therefore nondischargeable pursuant to section 523(a)(5) of the Bankruptcy Code. The Debtor argues that the Marital Separation Agreement defines the $50,400.00 obligation as a property settlement and as such is dischargeable under section 523(a)(5).

6. Section 523(a)(5) of the Bankruptcy Code provides in relevant part as follows:

(a) A discharge under 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

.    .    .    .    .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

.    .    .    .    .

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

The Court Concludes and Further Finds:

1. The definition of alimony within the purview of the exception to dischargeability is firmly established by case law:

It is well established that "[a]limony does not arise from any business transaction, but from the relation of marriage. It is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife," [*Audubon v. Shufeldt*, 181 U.S. 575, 577, 21 S.Ct. 735, 736, 45 L.Ed. 1009 (1901)] and

it is the obligation based on this duty which is saved from discharge in bankruptcy by Section 17, sub. a(2) of the Act. *Wetmore v. Markoe*, 196 U.S. 68, 76, 25 S.Ct. 172, 175, 49 L.Ed. 390 (1904).

*Norris v. Norris*, 324 F.2d 826, 828 (9th Cir.1963). *See Nichols v. Hensler*, 528 F.2d 304, 307 (7th Cir.1976).

■ In determining what constitutes alimony, maintenance, or support for purposes of dischargeability, the actual purpose of the parties is controlling, and the bankruptcy court is not bound by the label which state courts place upon a decree. *In re Woods*, 561 F.2d 27, 29 (7th Cir.1977); *In re Tilmon*, 9 B.R. 979 (Bkrtcy.N.D.Ill.1980). In *Nichols v. Hensler*, 528 F.2d 304 (7th Cir. 1976), the Seventh Circuit Court of Appeals considered whether an obligation to make payments labelled alimony in an Indiana divorce decree were dischargeable in bankruptcy. The court stated that alimony for purposes of section 17a(7) of the Bankruptcy Act means "payments in the nature of support for a former spouse." *Id.* at 307–308.

■ While federal law provides the definition of alimony for purposes of dischargeability, an examination of state law may be necessary to ascertain the incidents of an award in order to determine whether it fits within that definition. *In re Pelikant*, 5 B.R. 404 (Bkrtcy.N.D.Ill.1980).

■ 2. In the instant case, the Debtor raises two arguments for finding that the debt in question be discharged. First, he relies upon the fact that the Marital Separation Agreement provides that "the remarriage of the Wife shall not in any way serve to diminish or to divest Wife of any part of the above payments" as evidence that the obligation was one of property division. Debtor reasons that the nondefeasibility of the payments shows that they were not intended as support, since support payments terminate upon remarriage when the obligation shifts to another.

The Domestic Relations Act in effect at the time of the entry of the Judgment for Dissolution of Marriage herein provides in pertinent part as follows:

(b) the maintenance order shall be in such amounts and for such periods of time as the court deems just, without regard to marital misconduct, after consideration of all relevant factors, including:

(1) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently.

Ill.Rev.Stat. ch. 40, § 504(b) (1979).

(b) the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance.

Ill.Rev.Stat. ch. 40, § 510(b) (1977).

The fact that Illinois law terminates the obligation to pay maintenance after the marriage of the party receiving maintenance, and the fact that the subject award states that the obligation shall not terminate upon remarriage of the wife, does not dictate that the subject award is not maintenance within the meaning and purview of section 523. The foregoing is a consideration in this Court's determination. However, it is not dispositive of the issue. Further, the cases cited by Debtor in support of his argument do not require such result. Debtor cites three California cases: *Yarus v. Yarus,* 178 Cal.App.2d 190, 3 Cal.Rptr. 50 (1960); *Smalley v. Smalley,* 176 Cal.App.2d 374, 1 Cal.Rptr. 440 (1959); *Tropp v. Tropp,* 129 Cal.App. 62, 18 P.2d 385 (1933). An analysis of each reveals that his reliance is misplaced.

In *Yarus,* the judgment provided that a sum was payable "*solely* by the way of property settlement, and not as a payment of alimony or support and maintenance." (Emphasis added) *Yarus v. Yarus,* 3 Cal. Rptr. at 57. The judgment further provided that upon the death or remarriage of the wife all payments required to be made by defendant shall cease. The court concluded that while monthly payments to the wife that cease upon her death or remarriage may commonly be found in judgments of alimony, a settlement of property rights may also so provide without thereby transforming the payments into the nature of alimony, support or maintenance. *Id.* at 58.

Since the court held that defeasible payments can be incorporated within property settlements as well as payments of alimony, *Yarus* contradicts rather than comports with the Debtor's contention that a nondefeasibility clause is evidence of only a property settlement.

In *Smalley,* the wife waived all rights to support and alimony and the husband agreed to pay the wife $3,000.00 to equalize her interest in community property which was payable in $50.00 per month installments. The court found that there was no room for construction of the contract in the case. The amounts to be paid were specifically designed as the settlement of property rights. The right to alimony was explicitly waived. Contrary to the facts in *Smalley,* the Marital Separation Agreement before this Court contains language explicitly referring to maintenance and support payments. No explicit waiver of support or alimony payments has been made by Plaintiff in this case as there was in *Smalley.*

Finally, in *Tropp,* the decree in question contained two parts: the first provided for $250.00 per month for support until remarriage; the second provided for the payment of $50,000.00 in ten equal annual installments to continue even in the event of the wife's remarriage. The court held that the second payment was a property settlement. However, in *Tropp* it was unambiguous from the face of the Agreement that the parties had intended to provide for two distinct liabilities. It was expressly agreed that the liability for the $250.00 monthly payment was one of maintenance and support. It was not so agreed with respect to the liability for the payment of the $50,-000.00. As the court held:

Taking the Agreement by the four corners, it appears that it was essentially an agreement made for the purpose of effecting a property settlement with provision incidentially made for maintenance and support of appellant during the time provided for the completion of such property settlement.

*Tropp v. Tropp,* 18 P.2d at 386.

██ Just as no explicit waiver of support payments has been made by Plaintiff

in the instant case, no explicit distinction is made between separate property and support payments. Rather, the Marital Separation Agreement states that the $50,400.00 would be paid as a settlement "in lieu of all maintenance, alimony, support, property rights, or other maintenance rights." A "settlement in lieu of alimony" or "alimony in gross" can, under certain circumstances, be awarded by the court where the paying spouse's conduct or cooperation afford no security for periodic payments. Such special circumstances have been found where there is a history of financial bickering between the parties. *Riordan v. Riordan,* 47 Ill.App.3d 1019, 8 Ill.Dec. 254, 258, 365 N.E.2d 492, 496 (1977); *Hall v. Hall,* 18 Ill.App.3d 583, 310 N.E.2d 186, 189 (1974). Furthermore, a "settlement in lieu of alimony" is a form of alimony and cannot be awarded unless the recipient spouse was entitled to alimony. *Persico v. Persico,* 409 Ill. 608, 100 N.E.2d 904, 905 (1951). The only other requirement was that the award be equitable. *Id.* 100 N.E.2d at 906. As such, an award is based primarily upon the relative incomes and needs of the parties.

The Debtor's second argument rests on the contention that the payment of $50,-400.00 was in fact intended to balance the property settlement set forth in Article X, paragraph 3 of the Marital Separation Agreement. The cited Article provides as follows:

### ARTICLE X

### PERSONAL PROPERTY SETTLEMENT

3. Ed's Rent a Car Inc., and Ribege, Inc.—Husband shall keep as his sole and exclusive property all stocks, cash, bank accounts, inventory, equipment and all other assets and property of Ed's Rent a Car Inc. and Ribege, Inc. The stocks referred to herein represent shares in two closely held corporations in which husband is a major shareholder and managing officer. The business activity of the above corporations is automobile rental and saic (sic) corporations are franchise holders of Budget Rent-a-Car with four (4) rental outlets or offices in Evanston, Arlington Heights, Mt. Prospect and Hoffman Estates.

As previously noted, the fact that the subject award is referred to in the Marital Separation Agreement as a "settlement in lieu of alimony" does not necessarily determine that the award is maintenance. *In re Woods,* 561 F.2d at 27. It is essential that the court look closely at all relevant facts to determine the exact nature and character of the liability for purposes of determining the dischargeability of the debt. However, the Property Settlement regarding Ed's Rent a Car, Inc. and Ribege, Inc. set forth in paragraph 3 of Article X of the Marital Separation Agreement and relied upon by Debtor does not indicate that the subject award is in the nature of a property settlement. Article VIII of the Agreement, *supra,* which provides for payment of the debt in question is clearly and unambiguously entitled "Maintenance", and contains no reference whatsoever to Ed's Rent a Car, Inc. or Ribege, Inc.

3. In addition to the fact that the subject award is labelled "Maintenance", the following provisions in the Judgment for Dissolution of Marriage support the conclusion that the obligation owed Barbara Lynn Renzulli arises out of the Debtor's legal duty to support her, and is not a payment in lieu of the division of property itemized in Article X:

11. [T]he Petitioner does not have sufficient funds to adequately support herself and therefore the Respondent should be required to pay maintenance as set forth in the Marital Separation Agreement.

* * * * *

15. [T]his Court has considered and approved the amounts agreed to as and for maintenance for the Petitioner and finds that the Respondent is not entitled to same.

* * * * *

19. The Court has considered and approved and made provisions for support, maintenance and disposition of property.

 4. In addition to requesting a determination as to the dischargeability of the instant debt, Plaintiff requests that this Court enter an Order vacating the section 362 Automatic Stay so as to permit Plaintiff to enforce her claim for maintenance against the post-petition assets and income of the Debtor.

Section 362(b)(2) of the Bankruptcy Code provides in pertinent part as follows:

> (b) The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—

> .  .  .  .  .

> (2) under subsection (a) of this section of the collection of alimony, maintenance, or support from property that is not property of the estate.

Post-petition assets and income of the Debtor are not property of the estate. Accordingly, the Automatic Stay provided for under section 362(a) does not prohibit the Plaintiff from enforcing her claim against the post-petition assets and income of the Debtor.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Complaint of Barbara Lynn Renzulli, n/k/a Barbara Lynn Zagors, to determine the dischargeability of debt claimed to be nondischargeable pursuant to clause five of section 523(a) of the Bankruptcy Code be, and the same is hereby allowed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the debt of Edmund M. Renzulli, Jr. to Plaintiff, Barbara Lynn Renzulli, n/k/a Barbara Lynn Zagors, created by the Judgment for Dissolution of Marriage entered in the Circuit Court of the Nineteenth Judicial Circuit, McHenry County, Illinois, under case number 78 D 225, be, and the same is hereby declared nondischargeable in the amount and manner of payment as provided therein.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Automatic Stay provided for in section 362(a) of the Bankruptcy Code does not prohibit the Plaintiff, Barbara Lynn Renzulli, n/k/a Barbara Lynn Zagors, from enforcing her claim for maintenance against the post-petition assets and income of the Debtor.