In re Charles H. HAAS, Debtor.

Darlene L. HAAS and Murphy,
Hupp, Foote, Mielke and
Kinnally, Plaintiffs,

v.

Charles H. HAAS, Defendant.

Bankruptcy Nos. 88 B 14333, 88 A 810.

United States Bankruptcy Court,
N.D. Illinois, E.D.

June 7, 1989.

Patrick M. Kinnally, Murphy, Hupp, Foote, Mielke and Kinnally, Aurora, Ill., Daniel Kramer, Yorkville, Ill. for plaintiff.

Roy Safanda, St. Charles, Ill. for debtor/defendant.

John Gierum, Chicago, Ill. trustee.

## MEMORANDUM OPINION AND ORDER

DAVID H. COAR, Bankruptcy Judge.

This cause coming on to be heard on Plaintiffs', Darlene L. Haas (the Debtor's former wife) and Patrick Kinnally of Murphy, Hupp, Foote, Mielke and Kinnally (a law partnership), Motion for Summary Judgment on a Complaint Objecting to the Dischargeability of a Debt, and the Court, having considered the record and pleadings on file in this case, having considered the memoranda of law submitted by the parties in support of their respective positions, and being fully advised in the premises, now enters its ruling;

This is a core proceeding over which the Court has jurisdiction, pursuant to Title 28 U.S.C. § 157(b)(2)(I). For the reasons set forth below, the debts owed to Mrs. Haas and Mr. Kinnally are excepted from discharge. The following constitutes the Court's findings of fact and conclusions of law, pursuant to Bankruptcy Rule 7052.

## BACKGROUND.

On September 20, 1988, the Debtor filed his petition for relief under Chapter 7 of the Bankruptcy Code. At the time that the petition was filed, the Debtor and his former wife were in the process of dissolving their marriage, which had been pending since some time in 1986. *Darlene L. Haas v. Charles H. Haas*, 86 D 118, Sixteenth Judicial Circuit, Kendall County, Illinois.

On August 29, 1988, after having concluded a bench trial, the divorce court issued a letter opinion which provided for dissolution of the marriage, maintenance, property distribution, allocation of marital debts, attorney's fees, and instructions for the parties to draft a judgment which incorporated the pertinent provisions of the letter opinion.

On October 14, 1988, over the Debtor's objection, a Judgment for Dissolution incorporating the letter opinion was entered. The Debtor complained that the judgment was entered in violation of the automatic stay and was therefore void. Upon hearing the Debtor's complaint as to the validity of the judgment, the Court remanded that issue to the divorce court. On December 28, 1988, the divorce court upon consent of the parties reentered the same judgment it had entered on October 14, 1988, providing that December 28, 1988, was the official date of dissolution of the marriage.

Mrs. Haas and Mr. Kinnally have filed proofs of claim for claims which arise from obligations set forth in the letter opinion and incorporated in the Judgment for Dissolution. They have filed a joint complaint to determine the dischargeability of those debts.

## DISCUSSION.

The issue before the Court is whether the debts owed to the Plaintiffs arise out of an obligation for support, and are therefore excepted from discharge, pursuant to Title

11 U.S.C. § 523(a)(5). As is typical in adversary proceedings involving the dischargeability of debts arising from a divorce judgment, the parties dispute the intent of the divorce court in rendering its judgment. The common issue concerning the intent behind the judgment is whether the divorce court intended to create obligations for maintenance or support, or a distribution of marital property. The parties predictably pose conflicting interpretations. This case is no different, and each of the debts at issue turns on the same set of facts.

Based upon allegations in the complaint and a statement of uncontested facts, the Plaintiffs seek summary judgment.

*Standards for Summary Judgment.*

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corporation v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industries Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986); *Shlay v. Montgomery,* 802 F.2d 918, 920 (7th Cir.1986); *Valentine v. Joliet Township High School District No. 204,* 802 F.2d 981, 983 (7th Cir.1986). On a motion for summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Shlay,* 802 F.2d at 920; *Valentine,* 802 F.2d at 983. The principle inquiry is whether the evidence presents a sufficient disagreement to require trial or whether it is so one-sided that one party must prevail as a matter of law. *Anderson.*

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, identifying the portions of the pleadings, depositions, answers to interrog-

atories, and affidavits which it believes demonstrates the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552. This is essentially a requirement that the moving party on a motion for summary judgment make a prima facie showing that it is entitled to summary judgment. 10A *Wright, Miller & Kane,* Federal Practice & Procedure, Civil, § 2727. Once the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the allegations or denials in its pleadings, rather its response must show that there is a genuine issue for trial. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552; *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356.

The manner in which this showing can be made depends upon which party will bear the burden of persuasion at trial. If the burden of persuasion at trial would be on the moving party, the party moving for summary judgment may satisfy Rule 56's burden of production by demonstrating that if the case went to trial there would be no competent evidence to support a judgment for the non-moving party. *See* 10A *Wright, Miller & Kane,* § 2727, pp. 130–131. Stated differently, once the Plaintiffs have demonstrated that they are entitled to judgment, the Debtor must either negate an essential element of the Plaintiffs' cause of action or show that the Plaintiffs' allegations are insufficient to establish a cause of action under the various theories raised in the Plaintiffs' pleadings.

The Court finds that the record and pleadings in this case present no genuine issue as to any material fact on the issue of whether the debts arise out of an obligation for maintenance or support. Therefore, summary judgment is appropriate as to the dischargeability of the debts arising from the Judgment for Dissolution.

*Uncontested Facts.*

The Judgment of Dissolution provides that the letter opinion is incorporated by reference in the judgment. In paragraph F, the judgment provides that Mrs. Haas is

entitled to maintenance, due to her financial inability and disability. The judgment also specifically provides that, consistent with paragraphs C, D and E of the letter opinion, the distributions of property and allocation of debts are based upon the financial inability and physical disability of Darlene Haas, and that this distribution of property and debts is in lieu of maintenance or in addition to the finding in paragraph F that Mrs. Haas was entitled to maintenance. The specific amounts awarded are set forth in the letter opinion.

Paragraph C of the letter opinion provides that the Debtor will pay maintenance to Mrs. Haas in the sum of $650.00 per month, reviewable in five years. In awarding this maintenance, the divorce court noted that a maintenance award is interrelated with property distribution.

Paragraph D(1) of the letter opinion provides that the marital home will be awarded to Mrs. Haas. The divorce court stated that this distribution "has a two-fold purpose: keeping the award of maintenance at a minimum and help provide for [Mrs. Haas'] future."

Subparagraph D(4) provides that the Debtor is to do whatever is necessary to obtain a health insurance policy for Mrs. Haas through his employment pursuant to the Spousal Health Insurance Act.

Subparagraph D(5) provides that the Debtor shall pay the balance of the marital debt, including, but not limited to, the $10,000.00 debt to his mother, the debts due the Farmers State Bank, and the credit card debts.

Paragraph E provides that the Debtor shall contribute to pay Mrs. Haas' attorneys the sum of $3,000.00.

*Application of § 523(a)(5)(B).*

Plaintiffs argue that summary judgment should be granted because Mrs. Haas has a claim against the Debtor for maintenance, including $650.00 per month, the former marital residence, and the allocation of certain marital debts to the Debtor. Mr. Kinnally is owed the sum of $3,000.00, plus interest accrued as of the date of petition, for his representation of Mrs. Haas in the divorce proceedings.

Title 11 U.S.C. § 523(a)(5)(B) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

\* \* \* \* \* \*

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

The law is clear that the debt at issue is dischargeable unless it meets three requirements: 1) the debt must be in the nature of support; 2) the debt must be owed to a former spouse or child; and 3) the debt must be in connection with a separation agreement, divorce, or property settlement agreement. *In re Britton,* 51 B.R. 323 (N.D.Ind.1985). Section 523(a)(5) also covers attorney's fees incurred in connection with an award of maintenance or support, which are not dischargeable, and it is irrelevant that the debt is due directly to the attorney rather than to the ex-spouse. *In re Cornish,* 529 F.2d 1363, 1365 (7th Cir. 1976) (interpreting Ill.Rev.Stat.Ch. 40, § 16).

An indebtedness to a former spouse for alimony, maintenance, or support of the former spouse or the couple's children which is memorialized in the divorce decree is not dischargeable in bankruptcy. 11 U.S.C. § 523(a)(5). An indebtedness in the divorce decree that merely divides the marital property, however, is dischargeable. *In re Coil,* 680 F.2d 1170

(7th Cir.1982); *In re Maitlen*, 658 F.2d 466 (7th Cir.1981). It is well settled that whether a debt between former spouses constitutes alimony, maintenance or support is determined under federal bankruptcy laws, not state laws, and the bankruptcy court is not bound by any label which the state court places upon an award. *In re Woods*, 561 F.2d 27, 29 (7th Cir.1977); *In re Renzulli*, 28 B.R. 41, 43 (N.D.Ill.1982). In determining what constitutes alimony, maintenance or support, it is the reason for creation of the obligation which determines whether it was intended as a division of property rights or as support and maintenance. *In re Woods*, 561 F.2d at 29; *In re Renzulli*, 28 B.R. at 43.

■ In determining whether an obligation arising out of a divorce decree is dischargeable, the bankruptcy court must attempt to effectuate the parties' or the divorce court's intent. *In re Coil*, 680 F.2d at 1172.

The parties have chosen not to present testimony as to the intent of the divorce court, relying on the pleadings and supporting documents instead, and therefore, the Court must ascertain the intent of the divorce court solely from the judgment for dissolution, related documents and the pleadings.

In *In re Woods*, the Seventh Circuit discussed four factors that may assist in discerning what the parties or the divorce court intended: (1) whether the judgment provides for payments to the ex-spouse; (2) whether the payment provision was intended to balance the relative incomes of the parties; (3) whether the provision creating the obligation at issue is located among property division provisions or support and maintenance provisions; and (4) whether the agreement provision specifies the character and method of payment. Although the *Woods* factors are not exhaustive, a court may rely on them when there is no evidence in the record indicating what the divorce court or the parties intended. *In re Coil*, 680 F.2d at 1172.

The first *Woods* factor is concerned with whether payment pursuant to the obligation is made directly to the ex-spouse.

Some courts have held that when a debtor is obligated to pay a third person for the benefit of the ex-spouse, such debts are dischargeable in bankruptcy. *In re Woods*, 561 F.2d at 30. Here, except for payment of Mr. Kinnally's fees, which is a different matter, no such arrangement exists. The Debtor, pursuant to the Judgment for Dissolution of Marriage, is obligated to make monthly payments directly to the Mrs. Haas.

■ The second *Woods* factor concerns whether the provision in the divorce decree was intended to balance the relative incomes of the parties. Obligations for alimony and support are directly related to the relative incomes and needs of the parties. *In re Renzulli*, 28 B.R. at 43. In contrast, property settlements are a distribution of marital property whereby each party is awarded some of the mutual possessions and incurs some of the mutual debts. *In re Woods*, 561 F.2d at 30.

In its findings and orders, the divorce court made several specific references to the economic disparity of the parties. The court awarded Mrs. Haas monthly payments, the marital residence and allocated marital debts to the Debtor based upon its findings concerning the respective financial circumstances of the parties. The Judgment for Dissolution also referred to Mrs. Haas' poor health and physical condition, and expressed concern about her ability to maintain and support herself.

■ The third *Woods* factor requires the court to look at the divorce decree as a whole to determine whether a specific provision within it is in the nature of support and maintenance or a property division. When based primarily on the relative incomes and needs of the parties, a settlement in lieu of maintenance is a form of alimony and cannot be awarded unless the recipient was entitled to alimony. *Persico v. Persico*, 409 Ill. 608, 100 N.E.2d 904, 905 (1951); *See also, In re Renzulli*, 28 B.R. at 45. The divorce court did award the marital residence in lieu of maintenance, but it was based upon more than relative incomes. In fact, the award of the marital residence was an attempt to minimize main-

tenance, the effect of which is to provide additional maintenance in light of Mrs. Haas's inability to earn income or otherwise support herself.

■ The final *Woods* factor concerns whether the character and method of payment are specified in the divorce decree. If the divorce court has called a specific obligation a division of property and not alimony or vice versa, the bankruptcy court may find such a determination to be helpful in its analysis. The bankruptcy court need not, however, be bound by the state court's labels. *In re Woods*, 561 F.2d 27; *In re Renzulli*, 28 B.R. at 43. The bankruptcy court is free to look beyond the name given an obligation to determine whether the obligation is in the nature of maintenance and support or a division of property. Therefore, the Court will review each of the provisions separately.

### The Maintenance Award.

■ The divorce court awarded Mrs. Haas $650.00 a month of "indefinite maintenance" reviewable in five years from the date the judgment is entered. In so doing, the divorce court stated that it did so because:

> Having reviewed the evidence deposition of Dr. Gentry, his letter of opinion, and reviewing the testimony of Dr. Player, there is little doubt [Mrs. Haas'] disability is permanent in nature and will severely hamper her efforts to become self dependent.

Letter Opinion, p. 4.

It is clear that the trial court's intent with respect to this monthly payment was to provide support. Therefore, the Court finds and concludes that this debt is excepted from discharge.

### The Marital Residence.

■ Mrs. Haas was awarded the marital residence as her sole and exclusive property. The purpose of doing so was to minimize maintenance and provide for Mrs. Haas' future, which the Court deems maintenance. The divorce court stated that "[a]fter long and careful consideration, it is my decision that the marital residence shall

be awarded to the petitioner as her sole and exclusive property. This has a twofold purpose: Keeping the award of maintenance at a minimum and help provide for petitioner's future." Letter Opinion, p. 5.

This statement makes clear that the trial judge awarded the residence in lieu of additional maintenance, which is in the nature of support. Therefore, the Court finds and concludes that this obligation is excepted from discharge.

### The Marital Debts.

■ In his letter opinion, the trial judge required the Debtor to pay a $10,000.00 debt to his mother, debts due the Farmers State Bank, and certain credit card debts. The court's intent that this allocation be in the nature of support is clear from the facts. The court unequivocally stated that in awarding maintenance, it was mandated to consider maintenance in conjunction with the issue of property disposition. Letter Opinion, p. 2, Par. D.

Finally, the divorce court indicated in the judgment, in no uncertain terms, that the distribution of property and allocation of debts as contained in Paragraph D of its letter opinion was in lieu of maintenance because of Mrs. Haas' disability and financial inability. Therefore, the Court finds and concludes that these debts are excepted from discharge.

### The Attorney's Fees.

■ Resolution of Mr. Kinnally's claim follows from the resolution of Mrs. Haas' claim. Although some courts have declared attorneys' fees to be support and thus nondischargeable, those cases dealt with situations in which the fees had been accrued in claims relating to support. *See e.g., In re Spong*, 661 F.2d 6 (2d Cir.1981); *In re Cockhill*, 72 B.R. 339 (N.D.Ill.1987). It is not automatic that attorneys' fees in a divorce case will be support-related. The bankruptcy court must continue to look at the substance of the obligation to determine whether it is in the nature of support, or of a property settlement. *Cockhill*, 72 B.R. at 342; *In re Schroeder*, 25 B.R. 190, 192 (N.D.Ill.1982).

In this case, the services that Mr. Kinnally provided concerned the entirety of the

award, which this Court has determined was in the nature of maintenance or support. It is also clear that the respective financial conditions of the parties and their future abilities to maintain themselves greatly influenced the divorce court's decision. Therefore, the Court finds and concludes that the fees owed to Mr. Kinnally for representing Mrs. Haas were intended as additional maintenance and are excepted from discharge.

The Court finds that each of these debts is actually in the nature of support and maintenance rather than a division of property, and as such is excepted from discharge. The Court arrived at this conclusion based on both the divorce court's intent to provide financial support for the plaintiff in light of its consideration of her dependency, needs, and the parties' overall circumstances.

ACCORDINGLY, IT IS HEREBY ORDERED that the debts owed to Plaintiffs be and are hereby excepted from discharge.