In re Christine Ellen WEAVER,
Debtor.

Mark D. Wedeward, Plaintiff,

v.

Christine Ellen Weaver, Defendant.

Bankruptcy No. 04–10807.
Adversary No. 04–00097.

United States Bankruptcy Court,
W.D. Wisconsin.

Sept. 29, 2004.

Michael E. Kepler, Madison, WI, for Plaintiff.

Roger Merry, Monroe, WI, for Defendant.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Chief Judge.

Wedeward and Weaver were divorced on August 6, 2003. The parties executed a Marital Settlement Agreement Regarding Property ("SARP") that was incorporated by reference into the Judgment of Divorce. The SARP contains provisions for the payment by Weaver of certain marital debts. The state court judge concluded that both parties specifically waived maintenance. However, in the SARP the parties stipulated that Weaver's payment of the debts "are non-dischargeable debts under § 523(a)(5) of the Bankruptcy Act, these obligations being part of the final financial support settlement for both parties. These financial obligations on the part of both parties are not part of the property settlement." The parties also executed a Marital Settlement Agreement Regarding Child Issues ("SARC") wherein Wedeward's child support obligation was determined. Weaver claims that the debts are dischargeable because, although they are characterized in the SARP as part of the support settlement, they are in fact part of a property settlement. Wedeward claims that the SARP debt obligations are not dischargeable because they fall under the § 523(a)(5) or § 523(a)(15) exceptions to dischargeability. At trial, Wedeward was allowed to argue the § 523(a)(5) exception to discharge, but was not allowed to argue the § 523(a)(15) exceptions.

11 U.S.C. § 523(a) excepts from discharge any debt

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support

In the parties' SARP, incorporated by reference into the Judgment of Divorce, the parties specifically waived maintenance. But later in the SARP the parties specifically indicated that their respective obligations to pay marital debts were part of the financial support settlement, not part of the property settlement, and specifically not dischargeable in bankruptcy under § 523(a)(5).

The parties' characterization of the obligation is not dispositive. The obligations must actually be in the nature of alimony, maintenance, or support in order not to be discharged. "[I]t is the basis for creation of the obligation which determines whether it was intended as an equalization of property rights or as support and maintenance." *Matter of Woods*, 561 F.2d 27,

29 (7th Cir.1977). "[I]n determining whether an obligation is a liability for support, the court must look to the substance of the obligation and not to labels imposed by state law." *In re Maitlen*, 658 F.2d 466, 468 (7th Cir.1981). "It is well settled that whether a debt between former spouses constitutes alimony, maintenance or support is determined under federal bankruptcy laws, not state laws, and the bankruptcy court is not bound by any label which the state court places upon an award." *In re Haas*, 129 B.R. 531, 536 (Bankr.N.D.Ill.1989).

However, *Woods*, 561 F.2d at 29–30, also states:

> The record before the bankruptcy judge and the district court consisted of a copy of the divorce decree and that separation agreement incorporated therein, but does not conclusively reveal the intent of the divorce court or of the parties in including the disputed term. The law of Indiana, therefore, determines whether Woods' assumption of the parties' debts is to be construed as dividing the marital property or as providing support for Judith.

■■■ By negative inference, if the parties' or the divorce court's intent is clear, there is no need to consult state law. In this case, the parties' intent is specific and clear. The SARP at ¶ C, p. 6, states:

> With respect to each party's responsibility for the payment of certain debts and obligations, and the obligation to hold the other harmless for the payment of those debts and obligations, the parties understand and agree that their obligations are non-dischargeable debts under § 523(a)(5) of the Bankruptcy Act, these obligations being part of the final financial support settlement for both parties. These financial obligations on the part of both parties are not part of the property settlement.

> It is also understood that while these obligations are related to the support of both parties, they in no way affect any other portion of this Marital Settlement Agreement which specifically denies maintenance to both parties, and are not intended to confer additional subject matter jurisdiction in the Courts with respect to any maintenance obligation. This understanding and agreement is set forth in detail so as to clarify the intention of the parties with respect to the payment and legal responsibilities for the payment of certain debts and obligations, with the hold harmless provisions.

That intent is recognized and implicitly shared by the divorce court when the SARP was incorporated in the divorce judgment. Furthermore, *Nichols v. Nichols*, 162 Wis.2d 96, 469 N.W.2d 619, 625 (1991) is instructive on how to interpret marital settlement agreements.

> In determining whether a stipulation is fair, equitable, and not against public policy, we examine the settlement as a whole. The stipulation, as a whole, was fair, equitable, and not against public policy at the time the divorce judgment was entered. The modest maintenance award is reasonable in light of the fact that it is permanent and that the property division was unequal...

■ After their divorce, Mr. Wedeward paid child support, and Ms. Weaver had significantly more income than Mr. Wedeward. In *Nichols* the Wisconsin Supreme Court allowed equalization by maintenance of disparities in the property settlement. It follows that the parties can waive maintenance in the formal sense, but equalize income by assigning debts as part of the marital support.

Because the parties' intention is clear, and the provision in the SARP does not offend any Wisconsin law, the Debtor's obligation to pay marital debts can proper-

ly be categorized as spousal maintenance, and is excepted from discharge under § 523(a)(5).

"[T]he ultimate burden of proof in a proceeding objecting to a discharge lies with the plaintiff." *In re Martin*, 698 F.2d 883, 887 (7th Cir.1983). "Requiring the creditor to establish by a preponderance of the evidence that his claim is not dischargeable reflects a fair balance between these conflicting interests." *Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

Mr. Wedeward has convinced the court by a preponderance of the evidence that Debtor's obligation to pay marital debts is in the nature of spousal maintenance, and the debt should not be discharged. Judgment may be entered accordingly.

## ORDER

The Court having this day entered its memorandum decision in the above-entitled matter,

IT IS HEREBY ORDERED that judgment may be entered for Plaintiff holding the marital debt non-dischargeable.